STOKER, Judge.
This is an appeal from a judgment ordering a partition of land by licitation. Defendant-appellant, Donald L. Hazelton, is the owner of an undivided one-third interest in 17.44 acres of land located in Avo-yelles Parish, Louisiana.[1]
Plaintiff-appellee, Anthony J. Roy, Jr., is the owner of the other two-thirds undivided interest in the tract. The issue in this appeal is whether the land in question is susceptible of division in kind. Plaintiff alleged that the property was not susceptible of division in kind without loss and diminution in value to the parts which would be created by a division in kind. The trial court found as follows: “The evidence is overwhelming that a partition in kind is not feasible; that such would cause a loss and diminution of value in the total of the parts as compared to the value of the tract of land as a whole or one tract.” The judgment ordered a partition by licitation and directed the Sheriff of Avoyelles Parish to sell the property at public auction as prescribed by law. We find that the trial court’s findings of fact are correct. No detailed recitation of facts is necessary to demonstrate the correctness of the trial court’s findings and judgment.
The property is rectangular in shape and is long and quite narrow. It measures some 287 feet by 2,640 feet (one-half mile). The tract is traversed diagonally through its mid-section by a public road. The evidence establishes that the only feasible way the property can be divided in kind would be to divide it lengthwise so as to give equal frontage on the road. This would result in three parcels, each of which would measure 95 to 96 feet by a length of 2,640 feet. No other feasible means of dividing the property in kind was shown. All of the evidence as to the character of the land establishes that to divide the property in such a manner would result in diminishing the value of any one lot in relation to the whole tract. Its best use is either as farm land or for cattle grazing. At the time of trial, it was not being used for any purpose at all. (Tr. 35).
Two expert appraisers testified on behalf of plaintiff-appellee. Defendant-ap *1375 pellant produced none. Both of the appraisers had examined the property. They found it not to be of one character throughout but was susceptible of being divided equally with respect to space and road frontage. However, the determinant finding from the evidence is the fact that, if the property were divided into the three parcels, their combined value would be less than the value of the whole property left as one single tract. Under Article 1340 of the Louisiana Civil Code and the jurisprudence, property cannot be divided in kind if the consequence of such division would be a diminution of the value of the entire property. Hughes v. Heirs of Cain, 268 So.2d 149 (La.App., 1st Cir., 1972), writ refused 271 So.2d 259 (La.1978).
To divide the property into three tracts would result in three tracts of less than six acres each. Each would be one-half mile in length by less than 96 feet. It is almost self-evident that the value of the property would be diminished by such a division. A partition by licitation is the only fair means of partitioning the property-
The foregoing has disposed of most of appellant’s specifications of error. However, several others remain to be addressed. Appellant complains because plaintiff-appellant was allowed to testify as an expert witness. The testimony of an owner-expert is not to be rejected merely because he is a party. State, Department of Highways v. Willett, 322 So.2d 383 (La.App., 3rd Cir., 1975). See Dakin and Klein, Eminent Domain In Louisiana, page 382.
In one of appellant’s specifications of error, he charges that the trial court erred: “By allowing and considering speculative and conjectural testimony by the expert witnesses as to the present value of the subject property.” He cites as authority National American Bank of New Orleans v. Cleveland, 273 So.2d 848 (La.App., 4th Cir., 1973), writ refused 276 So.2d 701 (La.1973) for the following proposition: In determining of whether property can be divided into parcels of equal value without adversely affecting the value of the whole, only present value is considered. At the time of the trial of this case the property was not being utilized for any purpose. The expert testimony regarding use as grazing land, farm land, possible camp sites, home sites or commercial lots, or simply as three equal lots (none of which were deemed feasible or economical) did not constitute testimony as to potential use; it constituted opinions as to present value based upon possible uses at the present time. Tr. 40 + 67 - 71
A further error appellant charges is the failure of the trial judge to consider that plaintiff-appellee owns the property to the north and south of the property which is the subject of this law suit. The north and south lines are along the long sides. Appellant reasons that in any manner of a division in kind, Mr. Roy will draw property which will be joined to property already owned by him. Hence, it is argued that Mr. Roy could not possibly suffer a diminution of value of the property he would receive in a partition in kind. Assuming that this argument is valid, we do not consider that adjacent ownership by Mr. Roy is a relevant consideration which we may take into account. We are concerned only with 17.44 acres specifically involved in this action.
For the reasons above stated the judgment appealed from is affirmed. All costs of this appeal are assessed to' appellant.
AFFIRMED.

. The specific description of the property is as follows:
A certain piece, parcel or tract of land, together with all buildings and improvements thereon and all rights, ways and privileges thereunto appertaining or in any way belonging, located in Section 12, Township 1 North, Range 4 East, Avoyelles Parish, Louisiana, containing 17.44 acres, located in the North portion of the Northwest Quarter of Township 1 North, Range 4 East, as shown on plat of survey of Claude McMath, dated November 17, 1953, copy of which appears of record in the Clerk of Court’s office Avoyelles Parish, Louisiana, and which tract of land is shown within lines marked in red ink on said Plat. The above tract is described as contained within the following boundaries: North by lands of Guy W. Mosely, East by lands of Avoyelles Parish School Board, South by lands of Viola Forterie and on the West by lands of William Roy. See Judgment of Possession recorded in Book A-211, page 561 and Sale recorded in Book A-220, page 891, records of Avoyelles Parish, Louisiana.