560 So.2d 994 (1990)
Robin COOKS, Individually and on Behalf of the Estate of her minor child, Bryce Cooks
v.
Pam CORNIN and State Farm Mutual Automobile Insurance Company.
No. 89-CA 1609.
Court of Appeal of Louisiana, Fourth Circuit.
April 26, 1990.
*995 Anthony J. Clesi, Jr., Ward and Clesi, New Orleans, for appellants.
Benjamin J. Birdsall, Jr., Birdsall, Rodriguez, Robelot & Kehoe, New Orleans, for appellees.
Before SCHOTT, CIACCIO and WARD, JJ.
CIACCIO, Judge.
This is an appeal from a judgment in favor of plaintiffs and against defendants in the amount of $17,500. For the reasons set forth below, we affirm the judgment of the trial on the issues of the jury trial and liability. However, we find the award of damages excessive, and reduce it to the highest amount the trial court could have awarded within its discretion.
On November 13, 1987 at approximately 5:45 p.m., defendant Pam A. Cornin was driving her 1986 Mercury automobile on Hayne Boulevard in New Orleans. Ms. Cornin saw a ball rolling into the street. Bryce Cooks, a six year old child, followed the ball and ran into the side of Ms. Cornin's automobile. Robin Cooks, the child's mother, brought this action against Ms. Cornin and her insurer, State Farm Mutual Automobile Insurance Company seeking recovery for the injuries her child received in the accident. Defendants, State Farm and Pam Cornin, filed an answer denying plaintiffs' allegations, alleging that Bryce Cooks was contributorily negligent, and further requesting a trial by jury.
On the day of trial, the trial judge struck defendants' jury request, and the case was tried before the judge alone. After hearing all the testimony and viewing the evidence presented, the trial court rendered judgment in favor of plaintiffs and against defendants, Pam Cornin and State Farm, in the amount of $17,500.
On appeal, defendants allege three assignments of error: 1) the trial court denied defendants' right to a trial by jury by dismissing the jury; 2) the trial court erred in finding Ms. Cornin solely at fault in causing the accident; and 3) the damage award is excessive and constitutes an abuse of the trial court's discretion.
Jury Trial
On January 19, 1989 the trial court signed a Jury Trial Bond Order pursuant to defendants' request for a jury. The court ordered that defendants post a bond in the amount of ten dollars ($10.00) within thirty days of that order. The record reflects that defendants posted this bond on May 1, 1989, several days after the expiration of the term assigned by the court order. On a motion of plaintiffs' counsel on the morning of trial, the trial court dismissed the jury based on defendants' failure to timely post this bond.
Defendants argue on appeal that the trial court had no statutory or judicial authority to order the posting of such a bond, and *996 therefore they were entitled to a jury trial. However, we find it unnecessary to decide whether this argument has merit, for we find that under the facts presented in this case, defendants waived their right to seek review of the trial court's ruling striking the jury trial request.
An order denying a jury trial is an interlocutory order which is not appealable absent a showing of irreparable harm. The appropriate method to seek review of such an order is by an application for supervisory writs. State of Louisiana, DOTD v. Williamson, 557 So.2d 731 (1990). Further, parties are generally deemed to have waived their right to have the jury trial issue resolved on appeal when they acquiesce in having the matter heard by a judge alone. Luguette v. Decker, 273 So.2d 570 (La.App. 1st Cir.), writ denied 276 So.2d 702 (1973).
In the present case, State Farm did not apply for supervisory writs to this court following the order of the trial court dismissing the jury panel. Rather, defendants acquiesced in the judgment of the lower court and proceeded to trial before the judge alone. Based on the authorities discussed above, we conclude that by failing to apply for supervisory writs from the trial court of its denial of a trial by jury, defendants have waived their right to have this issue considered on appeal.
Liability of Pam Cornin and State Farm
Defendants argue that the record does not support a finding that Ms. Cornin was 100% at fault. In finding Ms. Cornin negligent in causing this accident, the trial court stated in its reasons for judgment:
"The evidence adduced at trial showed that Ms. Cornin was traveling in an easterly direction on Hayne Blvd. In the vicinity of Benson Street she observed a ball roll on to the roadway from the side of the roadway. Immediately behind the ball was Bryce Cook who was struck by the Cornin vehicle.
Ms. Cornin testified that she saw the ball and expected that a child would be behind the ball. She did not apply her brakes because she was travelling only about 20 mph.
The Court finds Ms. Cornin was 100% at fault in the premises. She saw the ball and expected a child to follow the ball. She failed to take the proper precautions to avoid injury to the child. She should have stopped her vehicle as quickly as possible, but she did not even apply the brakes upon seeing the ball."
We have carefully reviewed the entire record in this matter and find that the conclusions reached by the trial court are well supported. During her testimony at trial, Ms. Cornin stated that she did not generally expect to encounter or look for children playing on the sidewalk at 6:00 p.m. Although Ms. Cornin testified that she saw a ball roll into the street, and knew that children usually follow, she admitted that she did not apply her brakes because she did not expect children to be playing at that hour. Under these circumstances, we conclude that the trial court was correct in finding Ms. Cornin negligent in failing to apply her brakes or otherwise attempt to avoid this accident. We find no manifest error of the trial court in finding that the negligence of Ms. Cornin was the sole cause of the injury to Bryce Cooks.
Damages
Defendants contend that the award of $17,500 to Bryce Cooks for his injuries is excessive and an abuse of the trial court's discretion. Medical evidence presented at trial reveals that Bryce Cooks sustained a fracture of the left clavicle. Following the accident, he was brought to the emergency room at Methodist Hospital where a splint was placed on his arm. Three days later, the child was examined by Dr. James C. Butler, an orthopedic surgeon, who recommended that he continue to wear the splint. Dr. Butler saw Bryce Cooks again two weeks later and stated that the fracture had begun to heal at this point. Dr. Butler further stated that the child's fracture would completely heal about one month from the date of injury with no residual disability.
Before an appellate court can disturb an award made by a trial court, the *997 record must clearly show that the trier of fact abused its discretion in making the award. Reck v. Stevens, 373 So.2d 498 (La. 1979). Appellant cites many cases in an attempt to establish an acceptable range for an award. Each case is different, however, and the amount of the award should be determined by the facts or circumstances peculiar to the case under consideration. The scope of appellate review is limited to lowering or raising the award to the highest or lowest point which, based on the particular facts of the case, is within the trial court's reasonable discretion. Reck v. Stevens, supra.
From the evidence in the record, we find that plaintiff suffered a fractured clavicle for which he was treated for less than one month, during which time he suffered some discomfort. Following this accident, plaintiff saw Dr. Butler on only two occasions, and failed to return for the third follow-up visit. This fracture healed without serious complication and without any residual impairment. We find that an award of $7,500 is the highest reasonable amount which adequately compensates plaintiff for these damages, and that the trial court abused its discretion in awarding a higher amount.
For the reasons provided, we amend the judgment to reduce the amount of the award for plaintiff's damages to $7,500. In all other respects, the judgment is affirmed.
AMENDED AND AFFIRMED.