567 So.2d 148 (1990)
Patrick Hough HARRINGTON, Plaintiff-Appellant,
v.
Paul L. VELINSKY, Safeguard Insurance Company and H.A. Lott, Inc., Defendants-Appellees.
No. 21636-CA.
Court of Appeal of Louisiana, Second Circuit.
August 22, 1990.
*149 Jack M. Bailey, Jr., Shreveport, for plaintiff-appellant.
Lunn, Irion, Johnson, Salley & Carlisle by Ronald E. Raney, Shreveport, for defendants-appellees Paul L. Velinsky and Safeguard Ins. Co.
Mayer, Smith & Roberts by Paul R. Mayer, Jr., Shreveport, for defendant-appellee H.A. Lott, Inc.
Before MARVIN, LINDSAY and HIGHTOWER, JJ.
LINDSAY, Judge.
The plaintiff, Patrick Hough Harrington, appeals from a judgment based upon a jury verdict denying his claim for personal injury damages arising from an automobile accident. We affirm the judgment.

FACTS
At approximately 9:40 a.m. on March 10, 1986, the plaintiff and Mr. Paul Velinsky were involved in an automobile accident at the intersection of Texas and Market Streets in Shreveport. At that time, H.A. Lott, Inc., a construction company, was engaged in the construction of a multi-story office building at the corner of Texas and Market Streets. The building was being constructed for the Commercial National Bank (CNB).
Normally, Texas Street has three eastbound traffic lanes and three westbound traffic lanes. However, during the construction of the CNB building, a board walkway had been built adjacent to the construction site and it occupied the extreme right, eastbound lane of Texas Street, thereby leaving only two lanes for eastbound traffic. Further, large trucks often occupied the eastbound center lane, as they stopped to deliver building supplies to the construction site. At those times, only the far left lane was left open to traffic.
On the morning of the accident, an off-duty Shreveport police officer, Sgt. Ed Gurley, was working for H.A. Lott, Inc., directing trucks into the construction site. Sgt. Gurley was in full Shreveport police department uniform. At the time this accident occurred, Sgt. Gurley had directed a large truck into the lane next to the boardwalk, near the intersection of Texas and Market Streets. The front of the truck was approximately two car lengths from the intersection. Sgt. Gurley testified that a barricade was placed in front of the truck blocking the space between the truck and the intersection of Texas and Market Streets. This left only the extreme left, eastbound lane open for traffic.
Immediately prior to the accident, Mr. Velinsky was proceeding eastbound on Texas Street in the far left traffic lane. This was the only clear lane available for traffic. He stopped at the stop light at the corner of Texas and Market Streets and activated his turn signal to make a right turn from Texas Street onto Market Street. The light turned green and Mr. Velinsky looked at Sgt. Gurley, who was standing close to the corner. Sgt. Gurley pointed to the green light and Mr. Velinsky nodded affirmatively. Sgt. Gurley then made a gesture to Mr. Velinsky directing him to make the right turn.
Mr. Harrington's vehicle was behind Mr. Velinsky, in the only open eastbound lane. Observing the officer's signal, Mr. Velinsky moved into the intersection and began the right turn (with his right turn signal activated). At that time, Mr. Harrington apparently cleared the barricade in front of the delivery truck, moved his vehicle to the right and attempted to pass Mr. Velinsky on the right side as they both entered the intersection. The vehicles collided near the middle of the intersection. The right front portion of Mr. Velinsky's automobile collided with the left rear portion of Mr. Harrington's vehicle.
On July 1, 1986, Mr. Harrington filed suit against Mr. Velinsky, his insurer, Safeguard Insurance Company, and H.A. Lott, Inc. Mr. Harrington alleged that Mr. Velinsky was negligent in turning right from the left lane and that Lott's employee, Sgt. Gurley, was negligent in signaling Mr. Velinsky *150 to make the turn without first checking for traffic on Mr. Velinsky's right.
Mr. Harrington claimed that as a result of the accident he had suffered a cervical injury, which caused neck and back pain, mental depression and anxiousness. In addition, the plaintiff, an attorney, claimed his injuries adversely affected his law practice.
The case was tried before a jury in March, 1989. On March 16, 1989, the jury found that Mr. Velinsky was not guilty of any fault or negligence in causing the accident. The jury also found that neither H.A. Lott, Inc. or any of its employees, including Sgt. Gurley, were guilty of any fault or negligence which was a cause in fact of the accident.
The plaintiff appealed the trial court judgment. He asserts numerous assignments of error.

FINDING OF FAULT
The plaintiff argues that the jury erred in failing to find that Mr. Velinsky and Sgt. Gurley were negligent and that their negligence was a proximate cause of the accident. The plaintiff contends that Mr. Velinsky was negligent in turning right from the extreme left lane, without checking for traffic to his right. The plaintiff also contends that Sgt. Gurley was negligent in signaling Mr. Velinsky to turn right without checking for traffic to the right of Mr. Velinsky. The plaintiff argues that both Mr. Velinsky and Sgt. Gurley admitted that they failed to check for traffic to Mr. Velinsky's right, and by so doing, admitted they were negligent. The plaintiff contends that by failing to find that Mr. Velinsky and Sgt. Gurley were negligent, the jury committed error in failing to make an award of damages. We find these arguments to be meritless.

Statutes
The plaintiff claims that Mr. Velinsky, at the time he attempted to make his right turn from the far left lane, was in violation of several Louisiana motor vehicle regulations. LSA-R.S. 32:58 provides that it is unlawful for the driver of a vehicle to negligently fail to maintain reasonable and proper control of a vehicle while operating the vehicle on the public roads of this state.
LSA-R.S. 32:71 provides that, except under specific circumstances, a vehicle shall be driven upon the right half of the roadway.
LSA-R.S. 32:101 provides that when a driver intends to turn right, "both the approach for the right turn and the right turn shall be made as close as practicable to the right-hand curb or edge of the roadway."
LSA-R.S. 32:104(A) provides, in pertinent part, that no person shall turn a vehicle at an intersection unless the vehicle is in the proper position upon the roadway as required in LSA-R.S. 32:101, or turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety.
The plaintiff claims that Mr. Velinsky, by turning right from the left lane, violated these provisions and therefore was negligent in causing the accident.
Mr. Velinsky and his insurer, Safeguard Insurance Company, argue that Mr. Velinsky acted within statutory guidelines in attempting to complete his right turn under the circumstances of this case. They argue that LSA-R.S. 32:56 provides that no person shall fail or refuse to comply with any lawful order or direction of any police officer invested by law with the authority to direct, control, or regulate traffic. They also argue that LSA-R.S. 32:231 provides that the driver of a vehicle shall obey the instructions of any traffic control device unless otherwise directed by a traffic or police officer. Mr. Velinsky and his insurer claim that Mr. Velinsky was in the only lane open for traffic, that he signalled to make a right turn, that he had a green light, and that Mr. Velinsky was directed by Sgt. Gurley to complete the right turn.[1]
*151 The jury in this case was required to apply these statutes to the facts as they found them. We must now determine whether the jury was clearly wrong or manifestly erroneous in those factual findings.

Review of Fact
In the recent case of Rosell v. Esco, 549 So.2d 840 (La.1989), the Louisiana Supreme Court set forth a concise summary of the principles in our jurisprudence regarding appellate review of fact. In that case, the court stated:
It is well settled that a court of appeal may not set aside a trial court's or a jury's finding of fact in the absence of "manifest error" or unless it is "clearly wrong," and where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Arceneaux v. Domingue, 365 So.2d 1330, 1333 (La.1978); Canter v. Koehring, 283 So.2d 716, 724 (La.1973). See also, Sevier v. United States Fidelity and Guaranty Co., 497 So.2d 1380, 1383 (La.1986); West v. Bayou Vista Manor, Inc., 371 So.2d 1146, 1150 (La.1979); Davis v. Owen, 368 So.2d 1052, 1056 (La.1979); Cadiere v. West Gibson Products Co., 364 So.2d 998, 999 (La.1978); A. Tate, "Manifest Error" Further observations on appellate review of facts in Louisiana civil cases, 22 La.L. Rev. 605, 611 (1962). The appellate review of fact is not completed by reading only so much of the record as will reveal a reasonable factual basis for the finding in the trial court, but if the trial court or jury findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong. Arceneaux, supra at 1333, Watson v. State Farm Fire & Casualty Ins. Co., 469 So.2d 967 (La. 1985). In applying the manifestly erroneous clearly wrong standard to the findings below, appellate courts must constantly have in mind that their initial review function is not to decide factual issues de novo. [Footnote omitted] See, F. Maraist, The Work of the Louisiana Appellate Courts for the 1978-1979 TermA Faculty Symposium, Civil Procedure, 40 La.L.Rev. 761, 764 (1980); Comment, Appellate Review of Facts in Louisiana Civil Cases, 21 La.L.Rev. 402, 412 (1961); Cf. Anderson v. City of Bessemer City, 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 89 S.Ct. 1562, 23 L.Ed.2d 129 (1969).
When findings are based on determinations regarding the credibility of witnesses, the manifest errorclearly wrong standard demands great deference to the trier of fact's finding, for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. Canter, supra at 724; Virgil v. American Guarantee & Liability Ins. Co., 507 So.2d 825, 826 (La.1987); Boulos v. Morrison, 503 So.2d 1, 3 (La.1987); Williams v. Keystone General Contractors, Inc., 488 So.2d 999, 1001 (La.1986); Johnson v. Insurance Co. of North America, 454 So.2d 1113, 1117 (La.1984); Berry v. Livingston Roofing Co., 403 So.2d 1247, 1249 (La.1981); Crump v. Hartford Accident & Indemnity Co., 367 So.2d 300, 301 (La.1979). Where documents or objective evidence so contradict the witness's story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable fact finder would not credit the witness's story, the court of appeal may well find manifest error or clear wrongness even in a finding purportedly based upon a credibility determination. See, Wilson v. Jacobs, 438 So.2d 1119 (La.App.2d Cir.1983), writ denied 443 So.2d 586 (La.1983). Cf. State v. Mussall, 523 So.2d 1305 (La. *152 1988); Anderson v. City of Bessemer City, 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); U.S. v. U.S. Gypsum Co., 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746 (1948). But where such factors are not present, and a factfinder's finding is based on its decision to credit the testimony of one of two or more witnesses, that finding can virtually never be manifestly erroneous or clearly wrong. See Jackson v. Tate, 428 So.2d 882, 884 (La. App. 1st Cir.1983), citing McDonald v. Book, 215 So.2d 394 (La.App. 3rd Cir. 1968), overuled (sic) on other grounds, Celestine v. Hub City Motors, Inc., 327 So.2d 700 (La.App. 3rd Cir.1976). Cf. Anderson, supra [470 U.S.] at 575, 105 S.Ct. at 1512; Schexnider v. McDermott International Inc., 868 F.2d 717, 720 (5th Cir.1989); Employers Ins. of Wausau v. Suwannee River Spa Lines, Inc., 866 F.2d 752, 770 (5th Cir.1989); U.S. v. Hibernia National Bank, 841 F.2d 592, 595 (5th Cir.1988); Hanson v. Veterans Administration, 800 F.2d 1381, 1388 (5th Cir.1986).

Discussion
The factual issues presented to the jury were whether Mr. Velinsky was negligent in turning right from the left lane under the circumstances presented, whether Sgt. Gurley was negligent in directing Mr. Velinsky to make his right turn, or whether Mr. Harrington was negligent in passing Mr. Velinsky on the right side at an intersection.
As stated above, there was a major construction project underway at the intersection of Texas and Market Streets. As a consequence, there was only one eastbound lane of traffic open for travel. The photographs taken by the plaintiff shortly after the accident show that a large truck was parked in the middle lane of Texas Street. The configuration of the scene of the accident is illustrated by several of the plaintiff's photographs contained in an appendix at the end of this opinion.
The plaintiff testified that the collision occurred in approximately the middle of the intersection. The point of impact is represented by photograph "C" in the attached appendix. The plaintiff claims he thought it was permissible to enter the lane to the right of Mr. Velinsky after passing the large truck. The plaintiff stated that when he became aware that Mr. Velinsky was turning right, the plaintiff accelerated in an attempt to avoid the collision.
The plaintiff argues that there were no barricades in front of the truck at the time of the accident. Therefore, he contends that he was reasonable in his belief that it was permissible to change lanes after passing the large truck.
The question of whether there were barricades in place in front of the large truck at the time of the accident is disputed. Sgt. Gurley testified that barricades were placed in front of the trucks at the construction site. Sgt. Gurley testified that Mr. Harrington began taking pictures of the scene some 30 to 45 minutes after the accident. By that time, the large truck was preparing to depart and the barricades had been removed to allow the truck to drive away.
The plaintiff presented the testimony of Mr. James Franklin, an attorney. Mr. Franklin was sitting in his car which was parked at the curb on Texas Street, east of the intersection of Texas and Market Streets. Mr. Franklin testified that he observed the accident in his rear view mirror. At trial, Mr. Franklin was unable to recall whether the barricades were in place in front of the large truck when the accident occurred.
The jury apparently determined that the barricade was in place at the time of the accident and resolved this issue against the plaintiff. The jury had before it the testimony of all the parties and witnesses. In addition, the jury also had before it Mr. Harrington's testimony that he had previously been convicted of constructive contempt of court for giving a false statement in another matter. The jury weighed the testimony and credibility of those witnesses and concluded that neither Mr. Velinsky nor Sgt. Gurley acted negligently and that they acted reasonably and prudently under the circumstances of this case.
*153 This is not a case involving a normal intersectional collision. This collision occurred adjacent to a major construction project in which a multi-story office building, occupying almost an entire city block, was under construction. There was much activity around the construction site. The entire area was one which obviously required movement by motorists with extreme caution. Mr. Harrington was bound by his duty to pass upon the right "only under conditions permitting such movement in safety." LSA-R.S. 32:74. There seems to be no reason why Mr. Harrington should not have observed that Mr. Velinsky was signaling and preparing to make a right turn. In addition, the police officer was on the scene to assist delivery vehicles, construction vehicles, and the motoring public in negotiating the area. The police officer was stationed near the intersection and his signal to Mr. Velinsky directing the right turn should have also been seen by Mr. Harrington.
The traffic lane to the right of Mr. Velinsky was blocked by a vehicle and a barricade. The purpose of the barricade was to channel traffic into the far left lane so that the construction site and trucks delivering supplies would be free of other vehicular traffic. It was this barricade which had channeled Mr. Velinsky into the far left lane, even though he intended to ultimately make a right turn. Mr. Velinsky was acting as a prudent motorist, under the direction of a uniformed police officer. The officer was also acting prudently and had no reason to expect a motorist to dart into the intersection on the right immediately after clearing the barricade.
The jury obviously believed that Mr. Harrington acted negligently, under the circumstances, in attempting to pass Mr. Velinsky on the right at the intersection, and that Mr. Harrington's negligence was the sole cause of the accident. From the record before us, we cannot say that the jury verdict was clearly wrong or manifestly erroneous. Therefore the jury verdict in favor of the defendants is affirmed.

EXPERT WITNESS
The plaintiff argues that the trial court erred in allowing the defendants to qualify Sgt. Gurley as an expert in traffic accident investigation and then allowing him to testify as to his own actions. The plaintiff further contends that Sgt. Gurley's testimony should have been excluded by the trial court under LSA-C.E. Art. 403 because the probative value of the testimony was outweighed by unfair prejudice, confusion of issues and it misled the jury. These arguments are meritless.
Even though an expert witness is a party to a lawsuit, that fact alone is not sufficient to exclude his testimony. As stated in Ealy v. Bill Allen Dodge, Inc., 466 So.2d 52 (La.App. 2d Cir.1985), the decision as to whether a person is qualified as an expert is within the discretion of the trial judge. The fact that a witness is a party or an employee of a party does not preclude his qualification as an expert. In such cases, the potential bias of the witness may be explored on cross-examination and argued to the jury. See also Dunn v. Sears, Roebuck and Co., 639 F.2d 1171 (5th Cir.1981), modified on other grounds, 645 F.2d 511 (5th Cir.1981); Roy v. Hazelton, 349 So.2d 1373 (La.App. 3rd Cir.1977).
Therefore, we find meritless the plaintiff's argument that Sgt. Gurley should not have been allowed to testify as an expert because he was employed by H.A. Lott, Inc. The plaintiff had adequate opportunity on cross-examination to point out Sgt. Gurley's employment relationship with H.A. Lott, Inc. and to explore any bias that might have existed because of that relationship.
The plaintiff further argues that allowing Sgt. Gurley, a Shreveport police officer, to testify as an expert about the accident, was prejudicial and misleading because the jury accorded too much weight to that testimony. This argument is meritless. The plaintiff has failed to demonstrate that any prejudice occurred solely from Sgt. Gurley's testimony, other than that normally connected with the testimony of an adverse witness. The trial court did not err in allowing Sgt. Gurley to testify *154 and to do so as an expert in traffic accident investigation.

CONCLUSION
For the above stated reasons, we affirm the judgment in favor of the defendants, Paul Velinsky, Safeguard Insurance Company and H.A. Lott, Inc., dismissing the claims of the plaintiff, Patrick Hough Harrington. All costs in this court and the court below are assessed to the plaintiff.
AFFIRMED.

*155 APPENDIX

*156 
NOTES
[1] Mr. Velinsky was approximately 80 years old at the time of trial, was in ill health, and was residing in another state. Therefore, he was unable to attend the trial. His testimony was stipulated by the parties.