569 So.2d 92 (1990)
Pedro RESTREPO
v.
Frederick J. KING, Jr.
No. 90-CA-0190.
Court of Appeal of Louisiana, Fourth Circuit.
October 11, 1990.
Writ Denied January 4, 1991.
*93 Pedro Restrepo, Angie, pro se.
Frederick J. King, Jr., New Orleans, in pro. per.
Before SCHOTT, C.J., and LOBRANO and PLOTKIN, JJ.
PLOTKIN, Judge.
Plaintiff Pedro Restrepo appeals the trial court's judgment dismissing his legal malpractice claim against defendant attorney Frederick J. King, Jr. We affirm.

Facts:
On September 11, 1986, plaintiff and his then-girlfriend, Gloria Padilla, were arrested by Jefferson Parish Sheriff's deputies and charged with possession of a pound of cocaine in violation of LSA-R.S. 40:967(F)(b), which crime carries a possible penalty of not less than ten years nor more than 30 years imprisonment at hard labor and a fine of not less than $100,000 nor more than $350,000. The arrests occurred following a search of the residence located at 3808 N. Deerwood Street in Harvey, Louisiana, where Restrepo and Padilla lived. In addition to the pound of cocaine, the search yielded a triple-beam scale and $14,159 in currency and traveler's checks. Sometime around September 16, 1986, King was contacted by the plaintiff's brother and agreed to represent the plaintiff and Padilla. King was paid a $2,500 retainer and agreed to handle the case for $10,000.
On October 3, 1986, King filed motions for preliminary examination and bond inquiry on behalf of both Restrepo and Padilla, which motions were ultimately successful as the bonds for the two defendants were reduced. Thereafter, King filed numerous motions in the case, including motions to suppress the evidence, which Restrepo claimed was illegally obtained. On May 28, 1987, the State filed a motion for forfeiture of the $14,159 cash pursuant to LSA-R.S. 32:1550. On June 17, 1987, King filed an opposition to the motion for forfeiture.
After several continuances, both the motion to suppress the evidence and the opposition to the motion for forfeiture were set for hearing on September 30 and October 1, 1987. During the course of those proceedings, Restrepo agreed to enter a plea bargain whereby all charges would be dropped against Padilla, who was by that time married to Restrepo, in exchange for his agreement to plead guilty to attempted possession of more than 200 but less than 400 grams of cocaine, a crime for which the maximum penalty is 15 years. As a condition of the plea bargain, Restrepo agreed to withdraw the opposition to the forfeiture of the $14,159. Restrepo was originally sentenced to the maximum penalty of 15 years at hard labor and fined $75,000. Following an appeal filed by King, Restrepo's sentence was reversed and remanded. State v. Restrepo, 527 So.2d 473 (La.App. 5th Cir.1988). On remand, Restrepo was sentenced to 12 years at hard labor.
Restrepo then filed the instant suit against King, alleging legal malpractice. After a trial on the merits, in which Restrepo acted in proper person, the trial judge dismissed the suit, finding that Restrepo's position was unsupported by the evidence and that King had performed adequately and competently for the fee he was paid since he obtained the best plea bargain possible. Restrepo appealed, claiming that King did not perform adequately and competently and did not obtain the best plea bargain possible.
In order to establish a prima facie case for recovery in an attorney malpractice action, the plaintiff must prove the following: (1) that an attorney-client relationship existed, (2) that the attorney was guilty of negligence or professional impropriety in his relationship with the client, and (3) that *94 this misconduct caused plaintiff some loss. Ramp v. St. Paul Fire & Marine Ins. Co., 263 La. 774, 269 So.2d 239 (1972); Dier v. Hamilton, 501 So.2d 1059, 1061 (La.App. 4th Cir.1987). Once the plaintiff establishes a prima facie case for attorney malpractice, the burden shifts to the defendant to prove that the litigation would not have been successful even it he had not negligently handled the plaintiff's case. Jenkins v. St. Paul Fire & Marine Ins. Co., 422 So.2d 1109, 1110 (La.1982); Drury v. Fawer, 527 So.2d 423, 424 (La.App. 4th Cir.1988).
In the instant case, the burden never shifted to the defendant King because Restrepo failed to meet his burden of establishing a prima facie case on the required elements. On appeal, Restrepo makes one major allegation, that King failed to inform him of his rights concerning the forfeiture. However, the record indicates that Restrepo was informed of his right to contest the forfeiture of the money seized in the search of his residence and that he knowingly and voluntarily waived his right to contest the forfeiture. First, the record contains a communication from King to Restrepo dated June 9, 1987, in which King informed the plaintiff of the filing of the motion for forfeiture, sent him a copy of the motion, and sent him a copy of the law pertinent to forfeiture of funds. Second, the transcript of the plea hearing indicates that Restrepo was present while King and the trial judge discussed the withdrawal of the opposition to the forfeiture and that Restrepo signed the document withdrawing the opposition in open court immediately after the discussion.
Restrepo's appeal brief also alludes to a vague allegation that during the plea bargain discussion, King had indicated that he would be pleading guilty to possession of only 28 grams of cocaine and that the amount changed when the plea bargaining form was completed. King vigorously denied that allegation at trial. Since this issue obviously involved a credibility determination, we find no manifest error in the trial court's decision to accept King's testimony on this issue.
For the above and foregoing reasons, the trial court judgment dismissing plaintiff Pedro Restrepo's suit against defendant Frederick J. King, Jr. is affirmed. All costs are to be paid by the plaintiff.
AFFIRMED.