610 So.2d 1087 (1992)
EDWARD J. MILLIGAN, JR., LTD., Plaintiffs-Appellees,
v.
D.E. KEELE, Defendant-Appellant.
No. 91-1253.
Court of Appeal of Louisiana, Third Circuit.
December 9, 1992.
Writ Denied February 11, 1993.
Edward J. Milligan, Jr., Lafayette, Steven J. Levine, Baton Rouge, for plaintiffs-appellees.
Charles E. Bonnett, Breaux Bridge, Ross A. Brupbacher, Lafayette, for defendant-appellant.
Before GUIDRY, DOUCET and WOODARD, JJ.
DOUCET, Judge.
This is an appeal from a judgment dismissing a reconventional demand alleging legal malpractice.
This action arises out of Edward J. Milligan, Jr.'s (Milligan) representation of D.E. Keele (Keele) in a sequestration action. The facts are undisputed and were correctly outlined by the trial court in its reasons for judgment, as follows:
"The evidence reflects that Keele and Richard Stakes (Stakes) decided to go into the oilfield equipment drilling business together. Pursuant to this agreement, Keele delivered several pieces of oilfield equipment to R & P Instruments, Inc., a corporation owned and operated by Stakes and his wife. After the delivery of this equipment, the relationship between Keele and Stakes soured and Keele demanded that his equipment be returned. Stakes and his wife claimed that their company had purchased the equipment and refused Keele's request. When some of Keele's equipment was taken by Stakes from the R & P Instrument building to Texas, Keele decided to seek legal advice.
*1088 In April or May of 1983, Keele employed Milligan for the purpose of regaining possession of his equipment. Milligan informed Keele that the proper procedural vehicle for obtaining the return of goods was a writ of sequestration. Keele testified that Milligan informed him that this could be accomplished within a period of three weeks. The writ of sequestration was filed and was issued without bond. Subsequently, Stakes answered the petition, claiming ownership of all of the equipment. Additionally, Stakes submitted a motion to dissolve the writ, asserting that it had been wrongfully issued because Keele did not post a bond as required by law. The hearing on Stake's motion to dissolve was set for October 10, 1983. At this hearing, the issues before the Court were: 1) whether Keele could proceed in forma pauperis; and 2) whether Keele was entitled to proceed without filing a sequestration bond. The District Court allowed Keele to proceed in forma pauperis, but recalled the writ until Keele furnished bond in the amount of $15,000. Keele posted a sequestration bond in the amount of $15,000 and, pursuant to the District Court's order recalling and dissolving the original writ, the writ was then reissued.
The case was scheduled for a trial on the merits on April 18, 1984. Shortly before the trial date arrived, Milligan obtained a continuance as he had a scheduling conflict. The trial was rescheduled for December 6, 1984.
Several weeks later, Stakes exercised his right to have the equipment released into his possession by filing a motion for the release of the property and posting a $15,000 bond. The District Court signed an order of release on May 2, 1984, and Stakes obtained the property. Milligan thereafter was successful in getting Stakes to agree to increase the bond to $30,000.
Several months later, just before the December 6, 1984 trial date, Mr. Guillory, defendant's attorney, requested a continuance because he had a scheduling conflict and because Stakes was in poor health. Milligan did not oppose the request. The District Court reset the trial date for mid-January of 1985.
Shortly before the new trial date, Keele fired Milligan as he was understandably frustrated at the pace with which the case was progressing. Keele then retained another attorney to represent him in this matter and finally obtained judgment on his behalf on June 9, 1986."
Milligan filed suit against Keele seeking to recover fees for his representation of Keele in the sequestration. Keele filed a reconventional demand asserting that Milligan committed legal malpractice in his prosecution of the sequestration action.
After a trial on the merits the trial judge rendered judgment as follows:
1. In the primary demand, plaintiff Edward J. Milligan, Jr. is awarded the sum of TWO THOUSAND FIVE HUNDRED AND NO/100 ($2,500.00) DOLLARS, and costs of TWO HUNDRED FIVE DOLLARS AND FOURTEEN CENTS ($205.14) together with legal interest from date of judicial demand until paid;
2. On the liability portion of the reconventional demand, the reconventional demand is dismissed with prejudice.
3. The costs of this entire proceeding is to be paid by the defendant and plaintiff-in-reconvention, D.E. Keele, including the following expert witness fees:
a) Calvin T. Guidry$500.00
b) Ross Brupbacher$300.00.
Keele appeals. His assignments of error concern only the reconventional demand.

EVIDENCE OF PRIOR SUITS
Keele alleges that the trial court erred in allowing introduction in the record of other lawsuits in which Keele had been involved. The Uniform RulesCourts of Appeal Rule 2-12.4 states in pertinent part that:
All specifications or assignments of error must be briefed. The court may consider as abandoned any specification or assignment of error which has not been briefed.
Keele has failed to argue this assignment in his brief. Accordingly, we will consider it to have been abandoned.

*1089 EXPERT TESTIMONY
Keele next argues that the trial court erred in refusing to accept Ross Brupbacher as an expert in the practice of sequestration law. Brupbacher was accepted as an expert in the general practice of law.
It is well settled that the decision as to whether a person is qualified as an expert is within the discretion of the trial court. Antley v. Yamaha Motor Corp., U.S.A., 539 So.2d 696 (La.App. 3rd Cir. 1989); Harrington v. Velinsky, 567 So.2d 148 (La.App. 2nd Cir.1990). Brupbacher himself testified that Keele's case was the only sequestration action he had been involved with as an attorney. As a result, we find no abuse of the trial court's discretion in failing to accept Brupbacher.

STANDARD OF CARE
Keele further alleges that:
"Trial Court erred in its' interpretation and application of both the appropriate standard of care and diligence under the facts of this case and the manner in which defendant-in-reconvention was required to establish that standard."
The trial judge, in his written reasons, stated with regard to the malpractice action and the applicable standard of care that:
At the outset, the Court believes that Mr. Keele was sincere and is genuinely dissatisfied with Mr. Milligan's representation and his failure to quickly regain possession of the equipment. The Court understands and sympathizes with Mr. Keele's frustration with his attorney and with our legal system which oftentimes, because of procedural complications, does not proceed as quickly as we would like, particularly since the Court feels that Mr. Milligan did not do all that was in his power to do as an attorney in his representation of Mr. Keele in this matter. However, the test for the Court is not whether Mr. Keele was satisfied with Milligan's representation. Plaintiff has a greater burden of proof. To establish a prima facie case for recovery in a legal malpractice action, the plaintiff must prove: 1) that he and the defendant entered into an attorney/client relationship, 2) that the attorney was guilty of negligence or professional impropriety in his relationship with the client, and 3) that this conduct caused plaintiff some loss. Restrepo v. King, 569 So.2d 92 (La.App. 4th Cir. 1990); Ault v. Bradley, 564 So.2d 374 (La. App. 1st Cir.1990).
The standard for determining whether an attorney has been guilty of negligence or professional impropriety was set out in Ramp v. St. Paul Fire & Marine Ins. Co., 263 La. 774, 269 So.2d 239 (1972):
"An attorney is obligated to exercise at least that degree of care, skill, and diligence which is exercised by prudent practicing attorneys in his locality. He is not required to exercise perfect judgment in every circumstance."
As previously stated, the Court understands that Mr. Keele was not satisfied with Mr. Milligan's representation and it is apparent to the Court that Mr. Milligan did not exercise perfect judgment in every instance in his representation of Mr. Keele. However, this is not the test in a legal malpractice action. The test is whether Mr. Milligan fell below the applicable standard of care. At trial, Mr. Keele did not produce an expert who could testify that Mr. Milligan fell below the applicable standard of care in each of the alleged actions or inactions complained of. Thus, the Court finds that Mr. Keele fell short of proving that which is necessary in a legal malpractice action.
Keele does not argue that the trial court applied an incorrect standard of review. Rather, he argues that the appropriate standard of review was incorrectly applied.
Our review of the record in this matter convinces us that the trial judge correctly found that Keele failed to adduce sufficient evidence to show a breach of the standard of care.

JURY TRIAL
Finally, Keele argues that the trial court erred in denying him a jury trial.
An order denying a jury trial is an interlocutory order which is not appealable *1090 absent a showing of irreparable harm. The appropriate method to seek review of such an order is by an application for supervisory writs. State of Louisiana, DOTD v. Williamson, 557 So.2d 731 (1990).
Cooks v. Cornin, 560 So.2d 994 (La.App. 4th Cir.1990).
Accordingly, we will not consider the denial of a jury trial on appeal.

CONCLUSION
Finding no error in the trial court's judgment in this matter, we affirm. Costs of this appeal are assessed to the appellant, Keele.
AFFIRMED.