WARD, Judge.
After being injured in an automobile accident, Rosemary Sobol sued Jack Koch, the driver of the vehicle which hit her vehicle, and his insurer, State Farm Mutual Insurance Company, Inc. Because Koch was not served with Sobol’s petition, State Farm alone appeals the judgment of the Trial Court awarding Sobol $8,500.00 for cervical strain, $40,000.00 for aggravation of an existing arthritic condition and medical expenses. The only issue on appeal is quantum.
On February 8, 1985 Koch, apparently attempting a left turn on Gentilly Boulevard, drove his vehicle into the passenger’s side of Sobol’s vehicle as she drove along Gentilly near the entrance to the New Orleans Fairgrounds Racetrack. After the accident, Sobol experienced pain in her neck, arm, shoulder, chest and side. On February 9 she was examined by Dr. Ralph Gessner, an orthopedist, who testified that he found spasm and limitation of motion in her neck as well as headaches. He diagnosed this ailment as cervical strain, prescribed medication and physical therapy and told Sobol to restrict her activities. According to Dr. Gessner, Sobol’s neck pain was resolved after five months of therapy, medication and restricted activity.
Additionally, X-rays taken on February 9 revealed a moderate degree of degenerative osteoarthritis in Sobol's spine. A CAT scan ordered by Dr. Gessner three months after the accident substantiated his earlier finding. The test caused Dr. Gess-ner to conclude that Sobol had an advanced type of arthritis for her age. Dr. Gess-ner’s diagnosis for her condition was degenerative osteoarthritis which became syptomatic because of the accident. Although Sobol had seen another doctor for an arthritic condition the year before her accident, we believe the record supports the Trial Judge’s conclusion that the earlier arthritic flare-up had become dormant well before the accident. Hence, we find the medical testimony sufficient to support the finding that the pain and discomfort which Sobol was suffering from at the time of trial, two years and ten months after the accident, were attributable to the accident triggering a dormant arthritic condition.
Furthermore, the record reflects that So-bol, at the time of the accident, was a 47 year old woman who led an active life. In addition to running a family-owned restaurant with her husband, Sobol had a side business with two others where she was able to pursue her hobby of painting, wallpapering and doing wood work in homes. After the accident, Sobol could no longer work in her side business and was forced to curtail her participation in the restaurant.
Sobol’s testimony revealed the extent of her discomfort and the drastic changes in her life since the accident. She testified that her continuing pain has limited her *377 daily activities. She finds it difficult to perform normal household chores or even to do the grocery shopping, making it necessary for her to seek assistance of others and to sometimes hire someone to do work which she used to accomplish herself. Because Sobel experiences pain when she sits for long periods of time, she finds attendance at cultural events, travel and driving difficult. Likewise, hobbies such as crafts and cooking cannot be accomplished without pain.
Sobol testified that she discontinued physical therapy because of her frustration over the lack of any improvement in her arthritic condition. Sobol’s husband corroborated this testimony, as well as Sobol’s pain and the drastic curtailment of her activities following the accident.
On appeal, State Farm argues that the $8,500.00 award for cervical strain and the $40,000.00 award for aggravation of an arthritic condition are excessive, unsupported by the record, and out of line with similar awards made by other courts.
In reviewing damage awards, an appellate court may not disturb an award unless the record reflects that the trier of fact abused its discretion in making the award. Emerson v. Empire Fire and Marine Insurance Co., 393 So.2d 691 (La. 1981). In determining whether there has been an abuse of discretion, we must consider the particular facts and circumstances of each case rather than merely review prior awards. Pattison v. B.F. Goodrich Co., 522 So.2d 1212 (La.App. 4th Cir.1988) citing Reck v. Stevens, 373 So.2d 498 (La. 1979). Prior awards may serve as an aid only when the award on appeal is proved greatly disproportionate to the mass of similar awards, not just a selected few. Reck. If the factual basis for the award in a particular case is reasonably supported by credible evidence in the record, that award is not manifestly erroneous and can be affirmed.
After carefully reviewing the record, we reject State Farm’s contention that the general damage award to Sobol is excessive. The Trial Judge specifically stated that he was impressed with Sobol’s testimony, a conclusion we have no basis to dispute.
The record shows that as a result of the accident Sobol suffered cervical strain for which she was treated and which cleared up satisfactorily within five months. The record also shows that the accident aggravated a painful arthritic condition which had been dormant. In sum, the unrebutted medical and lay testimony established that Sobol was injured in the accident and, as a result, she continues to experience pain and has had to drastically curtail her daily activities and work.
In our view the general damage award is not excessive and hence does not constitute an abuse of the Trial Court’s broad discretion in this area. For these reasons, we affirm the award of $48,500.00 in general damages; all costs of this appeal are assessed to State Farm.
AFFIRMED