LOBRANO, Judge.
This appeal arises from a judgment in favor of plaintiff-appellee, Kathleen E. Gonzales and against defendant-appellant, Liberty Lloyds Insurance Company (Liberty Lloyds) for damages incurred by Gonzales as a result of an automobile accident. FACTS AND PROCEDURAL HISTORY:
On December 29, 1989, after proceeding north on Riverbend Drive in Violet, Louisiana, Gonzales stopped at a stop sign at the intersection of Louisiana Highway 39. Glenn 0. Bordelon, Jr. was traveling east on Louisiana Highway 39. As he turned right onto Riverbend Drive, he lost control of his vehicle, skidded on the rain soaked roadway and collided with Gonzales’ vehicle. As a result of the accident, Gonzales sustained injury to her neck, back and arm.
On February 28,1990, Gonzales filed suit against Bordelon, Automotive Casualty Insurance Company, Bordelon’s liability insurer and Liberty Lloyds Insurance Company, Gonzales’ uninsured/underinsured (UM) motorist carrier. Gonzales settled her claims against Bordelon and Automotive Casualty. Trial was only as to her claim against Liberty Lloyds.
The trial court rendered judgment in favor of Gonzales and against Liberty Lloyds in the amount of twenty-six thousand three hundred and fifteen dollars and eighty cents ($26,315.80) together with legal interest thereon from date of judicial demand, until paid, and for all costs, subject to a credit of eleven thousand dollars ($11,-000.00), representing ten thousand dollars ($10,000.00) received from Automotive Casualty and one thousand dollars ($1,000.00) received from Liberty Lloyds pursuant to the medical payments provision of Gonzales’ automobile policy.
Liberty Lloyds moved for a new trial on the basis that the judgment rendered was in excess of its UM coverage which was *763 stipulated to be ten thousand ($10,000.00) per person, twenty thousand dollars ($20,-000.00) per occurrence; that the award for lost wages was excessive and, that the legal interest should accrue only on the amount of the judgment in excess of the ten thousand dollars ($10,000.00) liability limits of the tortfeasor’s policy.
Gonzales moved to amend the judgment to increase the medical expenses and to include a finding that Liberty Lloyds was arbitrary and capricious in its failure to timely pay Gonzales’ claims pursuant to Louisiana Revised Statute 22:658.
The trial court denied Liberty Lloyds’ motion for a new trial. Gonzales’ motion to amend was granted in part and denied in part. The amount awarded for medical damages was increased by one thousand eight hundred and fifty-one dollars ($1,851.00), increasing the total award to twenty eight thousand one hundred and sixty-six dollars and eighty cents ($28,-166.80). The request to add language that Liberty Lloyds was arbitrary and capricious and to award penalties and attorneys fees was denied. Legal interest was ordered to run from date of judicial demand on eleven thousand dollars ($11,000.00) through June 22, 1990,[1] with additional legal interest on ten thousand dollars ($10,-000.00) from June 23,1990 through December 20,1990 and on the balance in excess of eleven thousand dollars ($11,000.00) until paid.
Liberty Lloyds appeals the trial court’s judgment asserting the following assignments of error.
1) The trial court erred in rendering judgment against Liberty Lloyds in excess of its policy limits;
2) The trial court erred in calculating the award to Gonzales for lost wages.
ASSIGNMENT OF ERROR 1:
At trial, it was stipulated that Liberty Lloyds policy provided UM coverage with limits of ten thousand dollars ($10,000.00) per person and twenty thousand dollars ($20,000.00) per occurrence. Liberty Lloyds asserts the trial court erred by awarding a judgment in excess of the policy limits.
It is well settled that an insurance policy is a contract and, as with all other contracts is the law between the parties. Massachusetts Mutual Life Insurance Company v. Nails, 549 So.2d 826 (La. 1989); Pareti v. Sentry Indemnity Company, 536 So.2d 417 (La.1988); Fruge v. First Continental Life and Accident Insurance Company, 430 So.2d 1072 (La. App. 4th Cir.1983), writ den. 438 So.2d 573 (La.1983). It is equally well settled that in the absence of a conflict with law or public policy, insurers have the right to limit their liability and to impose whatever conditions they please upon their obligations. Snell v. Stein, 259 So.2d 876 (La.1972).
Gonzales agrees that an insurer has the right to limit its obligations. However, she argues that Liberty Lloyds was either in bad faith or was arbitrary and capricious in failing to tender any amount in settlement prior to trial. In support of those arguments she cites Hodge v. American Fidelity Fire Insurance Co., 486 So.2d 233 (La.App. 3rd Cir.1986), writ denied 489 So.2d 917 and Louisiana Revised Statute 22:658(B)(1).[2]
*764 We find that Hodge, supra is inapplicable to the facts of the instant case. There, judgment was rendered against the insured in excess of the policy limits because of the liability insurer’s “bad faith” refusal to settle for policy limits. In the instant case, Gonzales’ complaint is that her UM insurer failed to tender her any offer of settlement, clearly a different situation. Our jurisprudence has not recognized this situation as one of bad faith. Furthermore, given the fact that Gonzales already received $10,-000.00 from the tort feasor’s insurer, there is no evidence to suggest that Liberty Lloyds’ actions were out of the ordinary.
In addition, the trial court judgment is silent as to any finding that Liberty Lloyds was arbitrary or capricious. In fact, on rehearing the trial court refused to amend the judgment to include any such finding. The record supports the trial court’s decision. Simply because the judgment was in excess of policy limits does not warrant the assumption that the trial court found the insurer to be arbitrary or capricious. Thus, the judgment is erroneous in that it obligates Liberty Lloyds to pay an amount in excess of its contractual obligations.
ASSIGNMENT OF ERROR 2:
Liberty Lloyds asserts the award for lost wages is excessive and not supported by the record. We agree.
The trial court awarded Gonzales six thousand seven hundred and twenty dollars ($6,720.00) for lost wages. In his reasons for judgment, the trial court stated:
“Prior to her accident she did house cleaning in St. Bernard Parish and at the time of the accident, she had a number of employers on a regular basis. Her earnings amounted to $840.00 per month. She had been earning this sum for approximately three months prior to December 29, 1989. She resumed work in May of 1990 and averaged $300.00 per week since May 1, 1990.”
The trial court did not state how he arrived at the eight hundred and forty dollars ($840.00) per month figure.
In any suit for damages, it is plaintiff’s burden to prove the damages suffered as a result of defendant’s fault and to support the award there must be evidence in the record. Borden Inc. v. Howard Trucking Company, Inc., 454 So.2d 1081 (La.1983); Moolekamp v. Rubin, 531 So.2d 1124 (La.App. 4th Cir. 1988). Before an appellate court can disturb an award made by a trial court, the record must clearly show that the trier of fact abused its discretion in making the award. Cooks v. Comin, 560 So.2d 994 (La.App. 4th Cir.1990); Sobol v. State Farm Mutual Insurance Company, Inc., 537 So.2d 375 (La.App. 4th Cir.1988).
At trial, Gonzales testified that at the time of the accident, she was employed by ten households on a weekly and bi-weekly basis. Her combined monthly income totaled one thousand and sixty dollars ($1,060.00). On January 14, 1990 she moved to Florida to help her daughter who had been abandoned by her husband. In May of 1990 she placed an advertisement in the newspaper seeking employment as a housekeeper. By the second week of May, she had secured a six day full time work schedule earning three hundred dollars ($300.00) per week. Gonzales lost nineteen weeks of work from December 29, 1989 through mid May, 1990 due to her injuries. Gonzales produced no evidence that she would have earned three hundred dollars ($300.00) per week in Florida beginning January 14, 1990, had she been able to work. This amount is speculative and will not be used to compute her lost wages.
Using her income at the time of the accident, we compute her lost wages, as supported by the record as follows:
$1,060.00 per month X 12 months = $12,-720.00 per year *765 $12,720.00 per year divided by 52 weeks = $244.62 per week.
$244.62 per week X 19 weeks = $4,647.78 total lost wages.
Accordingly, based on our review of the record, we conclude that the total damages sustained by Gonzales should be reduced by $2,072.22 ($6,720.00 minus $4,647.78) for a total of $26,094.58. She has already received $11,000.00 making her net recovery $15,094.58. Since Liberty Lloyds has UM policy limits of $10,000.00, judgment is rendered against them for that amount, plus legal interest on that amount from date of judicial demand until paid. Further, legal interest is due on $1,000.00 from date of judicial demand until June 22, 1990, the date it was paid.
AMENDED, AND AS AMENDED, AFFIRMED.

. June 22, 1990 is the apparent date Liberty Lloyds paid $1,000.00 under its med pay provisions.

. At the time of the accident, Louisiana Revised Statute 22:658(B)(1) provided:
"All insurers issuing any type of contract other than those specified in R.S. 22:656 and 22:657 shall pay the amount of any claim due any insured including any employee under Chapter 10 of Title 23 of the Revised Statutes of 1950 within sixty days after receipt of satisfactory proofs of loss from the insured, employee or any party in interest. Failure to make such payment within sixty days after receipt of such proofs and demand therefor, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of 12% damages on the total amount of the loss, payable to the insured, or to any of said employees, together with all reasonable attorney's fees for the prosecution and collection of such loss, or in the event a partial payment or tender has been made, 12% of the difference between the amount paid or tendered and the amount found to be due and all reasonable attorney’s *764 fees for the prosecution and collection of such amount. ..." (emphasis added)
Acts 1989, No. 638 Sec. 1. amended and reenacted this section to provide that an insurer pay any claims due the insured after receipt of loss within thirty days. This change, however became effective after midnight, December 31, 1989, two days after the accident and does not apply to the instant case.