750 So.2d 1182 (2000)
Marjorie S. LABORDE, Plaintiff-Appellant,
v.
The PRESBYTERIAN VILLAGE OF HOMER, LOUISIANA, INC., d/b/a The Presbyterian Village of Homer, Defendant-Appellee.
No. 32,639-CA.
Court of Appeal of Louisiana, Second Circuit.
January 26, 2000.
*1183 Frank M. Ferrell, Shreveport, Counsel for Appellant.
Cook, Yancey, King & Galloway By Cynthia C. Anderson, Shreveport, Counsel for Appellee.
Before NORRIS, PEATROSS, KOSTELKA, JJ.
KOSTELKA, J.
Marjorie S. Laborde ("Laborde") appeals the judgment dismissing her appeal due to the untimely payment of appeal costs.[1] We affirm.

FACTS
Laborde, a resident of Arlington, Texas, filed a wrongful death action in proper person following the death of her elderly mother, Emma Shaw ("Shaw"). Shaw had resided at The Presbyterian Village of Homer ("Presbyterian") prior to her death from a perforated colon. When Laborde failed to appear for her properly noticed and scheduled deposition on two separate occasions, Presbyterian filed a Motion For Discovery Sanctions praying for the dismissal of Laborde's suit, or in the alternative, dismissal of the suit in the event Laborde should fail to appear for a court-ordered deposition date. After a hearing on the motion, in which Laborde was not present, the court dismissed the suit with prejudice by judgment entered July 28, 1998. Thereafter, Laborde, filed a devolutive appeal on October 5, 1998; the appeal order provided that the appeal be returnable to this court thirty days after the payment of the estimated costs of appeal.
La. C.C.P. art. 2126(B) provides that costs of appeal are to be paid within twenty days of the mailing of notice of estimated costs. Laborde received notice of the estimated appeal costs by certified mail on October 9, 1998. When Laborde failed to pay costs, Presbyterian filed a Motion to Dismiss the appeal on the grounds of abandonment on December 8, 1998. After a hearing on this motion on January 4, 1999, at which Laborde was present, the court granted an additional fifteen days (until January 19, 1999) for payment of costs, with the stipulation that default of payment would result in dismissal of the appeal in accordance with La. C.C.P. art. *1184 2126(E)(2). A judgment consistent with that ruling was entered on January 13, 1999. On January 25, 1999, the court signed an amended judgment dismissing the appeal after Laborde again failed to pay the costs. This appeal ensued on March 10, 1999.

DISCUSSION
La. C.C.P. art. 2126 sets forth the procedure for payment of appeal costs as follows:
A. The clerk of the trial court, immediately after the order of appeal has been granted, shall estimate the cost of the preparation of the record on appeal, including the fee of the court reporter for preparing the transcript and the filing fee required by the appellate court. The clerk shall send notices of the estimated costs by certified mail to the appellant and by first class mail to the appellee.
B. Within twenty days of the mailing of notice, the appellant shall pay the amount of the estimated costs to the clerk. The trial court may grant one extension of the period for paying the amount of the estimated costs for not more than an additional twenty days upon written motion showing good cause for the extension.
. . . .
E. If the appellant fails to pay the estimated costs, or the difference between the estimated costs and the actual costs, within the time specified, the trial judge, on his own motion or upon motion by the clerk or by an party, and after a hearing, shall:
(1) Enter a formal order of dismissal on the grounds of abandonment; or
(2) Grant a ten day period within which costs must be paid in full, in default of which the appeal is dismissed as abandoned.
Pray v. First National Bank of Jefferson Parish, 93-3027 (La.02/11/94), 634 So.2d 1163, is instructive in stating:
The primary purpose of La.Code Civ. Proc. art. 2126's authorization to dismiss appeals for non-payment of costs is to dismiss the appeal as abandoned, in those case in which the appellant files a timely appeal and thereafter decides not to pursue it. A secondary purpose is to ensure prompt payment of costs of appeal by dilatory appellants.
In Pray, the court found an abuse of discretion by the trial court in immediately dismissing an appeal which clearly had not been abandoned, pursuant to a motion to dismiss filed immediately after the expiration of the twenty-day period for paying costs under art. 2126, without affording appellant a brief extension of time for payment of costs.
The supplemented record shows that Laborde received notice by certified mail of the estimated appeal costs for the first appeal on October 9, 1998. Only on the date of the cost hearing, January 4, 1999, did Laborde's daughter, Mary Sanford ("Sanford"), tender a check for the costs to the Claiborne Parish Clerk of Court ("Clerk"). The check was post-dated January 19, 1999, and Sanford instructed the Clerk to hold it pending further instructions from her. On January 19, 1999, the deadline date, Sanford contacted the Clerk by telephone, again informing him that she would give further instructions to him regarding the check by 4:00 p.m. that day. No further instructions followed. On January 25, 1999, Sanford contacted the Clerk via facsimile transmission and informed him that the account on which she had drawn the check had been closed and that she would forward a "bank check." In the meantime, the court had granted its January 25, 1999 judgment dismissing the appeal for nonpayment of costs. On the 27th or 28th of January, a cashier's (bank) check, dated January 26, 1999, arrived at the Clerk's office. Apparently, Mrs. Sanford did not authorize the Clerk to process either her personal check or the bank check. Thereafter, on February 17, 1999, Sanford wrote a letter to the Clerk, informing him to forward both checks to Mr. Frank Ferrell ("Ferrell"), appellate counsel. In a letter dated February *1185 16, 1999, the Clerk transmitted the checks to Ferrell. On March 16, 1999, Ferrell received notice of the estimated appeal costs in the second appeal in the amount of $471.00. Those costs were subsequently paid.
The steps taken by the trial judge regarding Laborde's appeal were warranted, correct and in accordance with the provisions of La. C.C.P. art. 2126. Sandoz v. State Farm Mutual Auto. Ins. Co., 620 So.2d 441 (La.App. 3d Cir. 1993). The amendment history of Paragraph E of this statute shows an obvious legislative intent toward stricter standards, both in relation to the allowable time limits for payment of costs and the penalties imposed for the failure to pay. Most obvious is the 1984 amendment which changed the provisions of paragraph E from permissive to mandatory. In that year, the legislature also reduced the discretionary extension provisions from thirty to ten days and added the default dismissal clause utilized by the trial judge in the present case. Moreover, the removal of a fine provision notably allowed the court only two penalty options for the nonpayment of costs, both of which provided for dismissal of the appeal.
In the present case, despite the fact that Laborde had over three months (October 9, 1998 through January 19, 1999) to pay the appeal costs, she simply failed to do so. Laborde's claimed misunderstanding of her ability to proceed without an attorney is inconsistent with her institution of the suit on her own behalf. Considering also that Laborde never expressed an inability to pay the costs, we view her payment attempts as nothing more than dilatory tactics which are imputable to her. We consider these actions a refusal or failure to pay without justification for which the penalty of dismissal is reserved. Cf. Union Service Industries, Inc. v. Bonner, 344 So.2d 119 (La.App. 2d Cir.1977). With the trial court granting Laborde a fifteen-day rather than ten-day extension, as provided for in art. 2126 E(2), and the motion for dismissal being filed almost two months after her receipt of notice of estimated costs, we find no abuse of discretion in the trial court's January 25, 1999 judgment dismissing the appeal. We, accordingly, affirm that judgment at Laborde's costs.
AFFIRMED.
NORRIS, C.J. concurs with reasons.
NORRIS, Chief Judge, concurring with reasons.
I respectfully concur with the majority's result in affirming the dismissal of this appeal. I do not agree, however, with the majority's interpretation of La. C.C.P. art. 2126. Subsection E of this article clearly permits the trial court, after a hearing, to either dismiss the appeal or grant an additional 10 day period to pay. The record clearly shows that on January 25, 1999, the district court without a hearing dismissed Ms. Laborde's appeal. In my view, this was error. While it is true, as the majority notes, that the court held a hearing on January 4, 1999 and granted Ms. Laborde an additional 15 days to pay, the January 4 hearing was in fact one to show good cause why an extension should be granted, conducted pursuant to subsection B, which empowers a court to grant an extension up to 20 days. Considering the extremely harsh remedy of dismissal, as well as the favored status of appeals, I would require a 2126 E hearing before the appeal could be dismissed. I would not count the 2126 B hearing, which resulted in a 15-day extension, as sufficient to assess the ultimate and draconian sanction of dismissal. Moreover, without a hearing, we have no basis to meaningfully review the district court's conclusion that Laborde's conduct warranted dismissal.
In addition, I do not impute any fault to Laborde for requesting return of the funds paid to the court subsequent to the January 25 dismissal, for that has no bearing on whether the court erred in dismissing the appeal.
I recognize, however, that Ms. Laborde's appellate brief does little to aid her cause, as it utterly ignores the issue of the appellate dismissal and addresses only the *1186 merits of the underlying issue of the original appeal, viz., dismissal of her suit for failure to comply with discovery. This issue is not before the court. As we have received no argument to contest the dismissal of the appeal, I must conclude that Ms. Laborde has abandoned that issue and I would affirm on that basis alone. URCA Rules 2-12.4, 2-12.5; Knotts v. Snelling Temporaries, 27,773 (La.App. 2 Cir. 12/6/95), 665 So.2d 657.
Parenthetically, I have grave doubts about the validity of the court's action in dismissing Ms. Laborde's suit. See, La. C.C.P. arts. 1469, 1471. Considering that the judgment of July 28, 1998 may well be suspect, and that Ms. Laborde was proceeding pro se, I would have been more indulgent toward the plaintiff, her apparent lack of understanding of the legal process, and her inability to make timely payments. On this record, I would likely not have found Ms. Laborde's January 1999 conduct dilatory. However, given the sparseness of the record, the district court's unique fact finding mission, and her failure to brief this issue on appeal, I must reluctantly concur.
NOTES
[1] Laborde has actually filed two appeals. Moreover, in brief, Laborde has failed to argue the propriety of the dismissal of the appeal for nonpayment of costs. We nevertheless choose to address this issue despite the fact that such an omission is generally considered an abandonment of the claim.