| PICKETT, Judge.

FACTS

Bonnie Morgan was involved in a car accident in 1992. Glennon Everett represented her regarding her claim for workers’ compensation. He did not file any other suit in connection with this accident.
In 1995, Bonnie Morgan contacted J. Minos Simon and discussed a malpractice claim against Mr. Everett, alleging he had allowed a potential tort suit to prescribe. There is disagreement as to the substance of the conversations between the parties. Mr. Simon never filed suit against Mr. Everett. He did file suit against the alleged tortfeasor, claiming prescription was suspended because of the payment of workers’ compensation benefits. That action was unsuccessful. A suit against Mr. Everett was not available at this point because the three-year peremption period had run.
Mr. and Mrs. Morgan filed suit against Mr. Simon alleging malpractice because of his failure to file suit against Mr. Everett. Mr. Simon filed a motion for summary judgment which was granted by the trial court. The Morgans filed a notice of appeal, which the district court granted. When the Morgans failed to timely pay the estimated costs, Mr. Simon filed a motion to dismiss the appeal. Upon receiving notice of the motion to dismiss the appeal, the Morgans counsel deposited the estimated costs of appeal.
A hearing was held February 22, 2000, on the motion to dismiss the appeal. The trial court granted the motion to dismiss.
Mr. and Mrs. Morgan appeal the court’s ruling.
| ^DISCUSSION

Dismissal of Appeal

The appellants assert two assignments of error. First, they argue the trial court erred in dismissing the appellants’ appeal. Second, the appellants argue the trial court erred in granting the appellee’s motion for summary judgment.
The trial court signed the judgment on the motion for summary judgment on September 22, 1999. It was mailed to the parties September 23, 1999. The appellants filed a Notice of Appeal on October 25, 1999. The trial court signed the order granting the devolutive appeal October 27, 1999. The clerk sent notice of this order October 29, 1999. The clerk sent estimated costs of appeal December 28, 1999.
Appellants’ counsel claims he received neither the notice that the appeal had been granted nor the notice of the estimated costs. Both the notices were sent by certified mail. The clerk has no record of receiving the return postcard from the appellants’ counsel.
La.Code Civ.P. art. 2126 requires costs be paid 20 days from the date of mailing of the notice of costs, in this case by December 28, 1999. They were not paid when due. January 3, 2000, the appellee filed a motion to dismiss the appeal for failure to pay costs, alleging the appeal had been abandoned. Subsequently, on January 10, 2000, pursuant to a request from the appellants’ attorney, the clerk sent copies of the October 29 and December 8 notices to counsel. On January 27, 2000, the appellants’ counsel sent a check to the clerk for the estimated costs of appeal.
February 22, 2000, a hearing was held on the motion to dismiss the appeal. At the conclusion of the hearing, the trial judge granted the motion. The trial court’s comments clearly reflect a finding that the October 29 and December 8 notices from | athe clerk’s office were properly given. It is also clear the trial court interpreted the “shall” language in Article 2126 *628 as requiring him to dismiss the appeal. La.Code Civ.P. art. 2126 states as follows:
Art. 2126. Payment of costs
A. The clerk of the trial court, immediately after the order of appeal has been granted, shall estimate the cost of the preparation of the record on appeal, including the fee of the court reporter for preparing the transcript and the filing fee required by the appellate court. The clerk shall send notices of the estimated costs by certified mail to the appellant and by first class mail to the appellee.
B. Within twenty'days of the mailing of notice, the appellant shall pay the amount of the estimated costs to the clerk. The trial court may grant one extension of the period for paying the amount of the estimated costs for not more than an additional twenty days upon written notice showing good cause for the extension.
C. The appellant may question the ex-cessiveness of the estimated costs by filing a written application for reduction in the trial court within the first twenty-day time limit, and the trial court may order reduction of the estimate upon proper showing. If an application for reduction has been timely filed, the appellant shall have twenty days to pay the costs beginning from the date of the action by the trial court on application for reduction.
D. After the preparation of the record on appeal has been completed, the clerk of the trial court shall, as the situation may require, either refund to the appellant the difference between the estimated costs and the actual costs if the estimated costs exceed the actual costs, or send a notice by certified mail to the appellant of the amount of additional costs due, if the actual costs exceed the estimated costs. If the payment of additional costs is required, the appellant shall pay the amount of additional costs within twenty days of the mailing of the notice.
E. If the appellant fails to pay the estimated costs, and the actual costs, within the time specified, the trial judge, on his own motion or upon motion by the clerk or by any party, and after a hearing, shall:
|4(1) Enter a formal order of dismissal on the grounds of abandonment; or
(2) Grant a ten day period within which costs must be paid in full, in default of which the appeal is dismissed as abandoned.
F. If the appellant pays the costs required by this Article, the appeal may not be dismissed because of the passage of the return day without an extension being obtained or because of an untimely lodging of the record on appeal.
The Louisiana Supreme Court explained the purpose of Article 2126, particularly the provisions dealing with dismissal, in Pray v. First Nat’l Bank of Jefferson Parish, 93-3027 (La.2/11/94); 634 So.2d 1163. In Pray the court stated:
The primary purpose of La. Code Civ. Proc. Art. 2126’s authorization to dismiss appeals for non-payment of costs is to dismiss the appeal as abandoned, in those cases in which the appellant files a timely appeal and thereafter decides not to pursue it. A secondary purpose is to ensure prompt payment of costs of appeal by dilatory appellants. The focus of district courts in deciding 2126 motions to dismiss should be on securing payment of costs in order to move appeals forward rather than on dismissing appeals, although obviously not abandoned, simply because a motion was filed ... immediately after expiration of the twenty-day period for paying the costs.
The district court abused its discretion in this case by immediately dismissing the appeal, which the appellant clearly had not abandoned, "without affording the appellant a brief extension of time for payment of costs.

Id.

In the matter before us, it is clear the appeal had not been abandoned. Whether *629 or not the appellants’ counsel received legal notice under the article, the estimated costs were promptly paid upon receiving notice that a motion to dismiss had been filed. As in Pray the motion to dismiss was filed almost immediately after the 20 days had lapsed. Payment of the estimated costs was made well before the hearing |Ron the motion to dismiss.
Under the facts of this case, the trial court abused its discretion by dismissing the appeal. The harsh remedy of dismissal should not be applied in a matter, when the appeal has clearly not been abandoned, without first giving the appellant a brief extension of time to pay. As has been previously noted in this matter, costs were paid well before the hearing.
Accordingly, we are setting aside the trial court’s dismissal of the appeal and will address the merits.

MOTION FOR SUMMARY JUDGMENT

Appellate courts review motions for summary judgment de novo under the same criteria which govern the trial court’s consideration of whether summary judgment is appropriate. Benoit v. Roche, 94-715 (La.App. 3 Cir. 6/14/95); 657 So.2d 574. A motion for summary judgment shall be rendered if the pleadings, depositions, answered to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La.Code Civ. P. art. 966(B).
To state a claim for legal malpractice, the plaintiff must allege (1) the existence of an attorney-client relationship, (2) the attorney’s negligence in his representation of the client, and (3) the loss to plaintiff as a result of the attorney’s negligence. Milligan v. Keele, 610 So.2d 1087 (La.App. 3 Cir.1992), writ denied, 612 So.2d 98 (La.1993). An attorney is negligent if he fails to timely assert a viable claim or causes the loss of opportunity to assert a claim for recovery. Jenkins v. St. Paul Fire & Marine Ins. Co., 422 So.2d 1109 (La.1982). An attorney-client relationship generally exists when the client subjectively believes that it exists. Louisiana State Bar Ass’n v. Bosworth, 481 So.2d 567 (La.1986)
The contract between the Morgans and Mr. Simon reflects Mr. Simon was hired to represent the Morgans “for all purposes in connection with: auto accident of July 25, 1992.”
The appellee avers, in his affidavit, that this contract was not entered into for the purpose of filing a legal malpractice claim against Mr. Everett. Conversely, the appellants, in their affidavits, claim the reason they chose Mr. Simon to represent them was because he handled legal malpractice claims, and that they discussed a legal malpractice claim against Mr. Everett when they met with the appellee.
There clearly exists a question of material fact as to whether there existed an agreement between the appellants and ap-pellee wherein appellee agreed to pursue a malpractice claim against Mr. Everett. This issue of material fact precludes summary judgment.
The appellee argues even if there exists a question of material fact as to the existence of a contract between the Morgans and Mr. Simon, the appellants could not have succeeded on the original claim. The appellee argues there was never a contract between the appellants and Mr. Everett to pursue a claim against the negligent tortfeasors. Therefore, argues the appellee, any claim he might have filed against Mr. Everett would have been unsuccessful.
The record includes an affidavit from Mr. Everett wherein he denies he was hired by the Morgans for any purpose other than pursuit of workers’ compensation benefits for Mrs. Morgan. Copies of correspondence Mr. Everett either sent or received on behalf of the Morgans is attached to the affidavit. This correspon *630 dence concerns the workers’ compensation claim exclusively.
|7The Morgans’ affidavits directly contradict Mr. Everett’s affidavit. The Morgans assert they never agreed not to pursue a third-party tort claim and did not contract with Mr. Everett solely for representation in the workers’ compensation claim. On this issue there exists a genuine issue of material fact which precludes summary judgment.
In order to resolve these issues, credibility determinations will have to be made which can only be addressed through a trial on the merits. The trial court erred by granting the motion for summary judgment. The judgment of the trial court is reversed.
REVERSED.