884 So.2d 675 (2004)
Robert H. SCHMOLKE and Robert H. Schmolke, A Professional Law Corporation
v.
James R. CLARY, Jr. and Clary Law Firm.
No. 2003 CA 2107.
Court of Appeal of Louisiana, First Circuit.
September 17, 2004.
Rehearing Denied November 9, 2004.
Michael V. Clegg, Steven P. Lemoine, Baton Rouge, Counsel for Plaintiffs/Appellees Robert H. Schmolke, et al.
Keith D. Jones, Baton Rouge, Counsel for Defendants/Appellants James Clary, Jr. and Clary Law Firm.
Before: GUIDRY, GAIDRY, and McCLENDON, JJ.
McCLENDON, J.
The issue raised on appeal in this action is whether the trial court erred in dismissing the defendants' appeal for nonpayment of the appeal costs pursuant to LSA-C.C.P. art. 2126. For the following reasons, we affirm.
Robert H. Schmolke, individually and as Schmolke Professional Law Corporation, filed suit against James R. Clary, Jr. and Clary Law Firm, seeking damages for breach of contract. After trial on the merits, the trial court rendered judgment in favor of plaintiffs and against defendants in the sum of $116,150.00. On February 28, 2003, defendants filed a motion to nullify the judgment due to ill practices and a motion for suspensive appeal. The trial court set the motion for nullity for hearing, and granted the motion for appeal.
Defendants filed a motion for extension of time to pay appeal costs on April 8, 2003. The trial court granted the motion and extended the time to pay appeal costs to April 15, 2003. On April 16, 2003, defendants filed a second motion for extension of time to pay appeal costs. The trial court granted the motion and extended the time to pay appeal costs to June 27, 2003.
On July 14, 2003, plaintiffs filed a motion in the trial court. Therein, they sought dismissal of the appeal for nonpayment of *676 the appeal costs, and asked the trial court to strike defendants' motion for nullity, contending that the motion for nullity improperly employed summary procedure. The trial court set a show cause on these issues for August 18, 2003. At the hearing, defendants withdrew their motion for nullity and requested that the trial court grant them an additional ten days within which to pay the appeal costs in accordance with LSA-C.C.P. art. 2126E. Thereafter, the trial court rendered judgment denying the motion for nullity as moot, denying the motion to strike as moot, and granting the motion to dismiss the appeal. Defendants appeal that judgment, asserting the trial court abused its discretion by dismissing the appeal rather than allowing them ten additional days within which to pay the appeal costs.
Louisiana Code of Civil Procedure article 2126 provides, in pertinent part:
A. The clerk of the trial court, immediately after the order of appeal has been granted, shall estimate the cost of the preparation of the record on appeal, including the fee of the court reporter for preparing the transcript and the filing fee required by the appellate court. The clerk shall send notices of the estimated costs by certified mail to the appellant and by first class mail to the appellee.
B. Within twenty days of the mailing of notice, the appellant shall pay the amount of the estimated costs to the clerk. The trial court may grant one extension of the period for paying the amount of the estimated costs for not more than an additional twenty days upon written motion showing good cause for the extension.
* * *
E. If the appellant fails to pay the estimated costs, or the difference between the estimated costs and the actual costs, within the time specified, the trial judge, on his own motion or upon motion by the clerk or by any party, and after a hearing, shall:
(1) Enter a formal order of dismissal on the grounds of abandonment; or
(2) Grant a ten day period within which costs must be paid in full, in default of which the appeal is dismissed as abandoned.
In Pray v. First Nat'l Bank of Jefferson Parish, 93-3027, p. 1 (La.2/11/94), 634 So.2d 1163, 1163, the Louisiana Supreme Court explained the purpose of LSA-C.C.P. art. 2126E(1) as follows:
The primary purpose of La.Code Civ. Proc. art. 2126's authorization to dismiss appeals for non-payment of costs is to dismiss the appeal as abandoned, in those cases in which the appellant files a timely appeal and thereafter decides not to pursue it. A secondary purpose is to ensure prompt payment of costs of appeal by dilatory appellants.
The record reflects that defendants had three periods during which to pay the costs of this appeal. The initial delay of twenty days as set forth in LSA-C.C.P. art. 2126B expired, and, on defendants' motion, the trial court extended the period within which to pay the appeal costs to April 15, 2003. On April 16, 2003, defendants moved for an extension until June 27, 2003, and the trial court granted the second extension. However, defendants had not paid the costs at the time of the hearing on the motion to dismiss on August 18, 2003, approximately seven weeks after their second extension had expired. The trial court explained its decision to dismiss the appeal in its reasons for judgment, as follows:
I'll be quite honest, I fully expected Mr. Clary's position to be that he came in *677 and, after the filing of the motion to dismiss the appeal, that the appropriate appellate costs had been paid, thereby mooting this issue.
Had prior extensions not been granted and this is the first time this is coming up, under (E)(2), the court would give you that 10-day extension, but I do agree with counsel for plaintiff. I think Mr. Clary has had, actually, three shots, the original period, the first extension granted by Judge Welch and a second extension granted by this court, to get the appeal costs filed.
Therefore, I am going to grant the motion to dismiss the appeal as abandoned under Code of Civil Procedure article 2126(E).
Defendants assert that the delay in paying the appeal costs was justified because they were pursuing a motion to nullify the judgment of the trial court. Specifically, defendants assert that, at all times, it was their "intention to appeal the trial court's ruling, but only after an appropriate judgment had been confected between the parties. As the defendants never had an opportunity to address the improprieties in the judgment ultimately signed by the trial court, this threshold issue needed to be addressed before the appeal could be prosecuted or the attendant costs paid."
We find no merit to this argument. Plaintiffs' motion to strike defendants' pleading asserting nullity of the judgment was filed on July 14, 2003 and was pending for more than one month before it was heard on August 18, 2003. Therein, plaintiffs urged that it was procedurally improper for defendants to file a motion for nullity in the present suit as such constituted an improper use of summary proceedings. Defendants did nothing until the hearing on August 18, 2003, when they conceded their defeat on the issue of nullity of judgment by voluntarily withdrawing the motion for nullity. Although defendants assert that they continually had good cause for failing to pay the appeal costs, their actions indicate otherwise. The withdrawal of the motion for nullity at the hearing shows definitively that defendants no longer had a good faith belief that their motion for nullity was viable. Yet, even with the knowledge that their motion was faulty, defendants sought a third extension rather than pay the appeal costs.
Considering the fact that the sole basis asserted for the failure to timely pay the appeal costs was the pending motion to annul, which was voluntarily withdrawn by the movers, it is clear that the trial court did not err in concluding that the inaction of defendants constituted a refusal or failure to pay without justification. Furthermore, considering the lack of good cause for the failure to pay as well as the two extensions granted by the trial court, we find that the trial court did not abuse its discretion in declining to grant a ten-day extension. Rather, the dismissal by the trial judge of defendants' appeal was warranted and in compliance with the provisions of LSA-C.C.P. art. 2126. See Laborde v. Presbyterian Village of Homer, Louisiana, Inc., 32,639, p. 3 (La.App. 2 Cir. 1/26/00), 750 So.2d 1182, 1185 (wherein the dismissal of an appeal for failure to pay appeal costs after an extension to pay had expired was affirmed). Cf. Richards v. Everett, 509 So.2d 851, 852 (La.App. 4 Cir.1987) (affirming the trial court's denial of a motion to dismiss where appellant paid appeal costs after the expiration of two thirty-day extensions and while motion to dismiss for nonpayment was pending before the trial court).
Finally, on August 16, 2004, just one month ago, plaintiffs filed a motion to dismiss this appeal on the ground that defendants failed to timely file a proper appeal bond. Without reaching the merits of this *678 motion, we note that the defect alleged by plaintiffs is non-jurisdictional. Therefore, even if we determined that the motion had merit, we would simply maintain the appeal as a devolutive appeal. See LaHoste v. Toups, 510 So.2d 3 (La.App. 1 Cir.1987). Because we are affirming the trial court's judgment dismissing this appeal, the issue of whether the appeal should be suspensive or devolutive is moot.
For the foregoing reasons, the motion to dismiss filed by the plaintiffs is denied, and the judgment of the trial court is affirmed. Costs are assessed against James R. Clary, Jr. and Clary Law Firm.
MOTION DENIED; JUDGMENT AFFIRMED.