# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 04-1525


LOUISIANA BOARD OF MASSAGE THERAPY

VERSUS

RITA RAE FONTENOT, DPM, ET AL.


**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 98-3310
HONORABLE DAVID ALEXANDER RITCHIE, DISTRICT JUDGE

**********

### JOHN D. SAUNDERS
### JUDGE

**********

Court composed of Chief Judge Ulysses Gene Thibodeaux and Judges John D. Saunders, and Jimmie C. Peters.

**REVERSED.**

Celia R. Cangelosi
Attorney at Law
P. O. Box 3036
Baton Rouge, LA 70821-3036
(225) 387-0511
Counsel for Plaintiff/Appellee:
Louisiana Board of Massage Therapy

George Jeanmard Tate
Attorney at Law
P. O. Box 817
Abbeville, LA 70511-0817
(337) 893-8335
Counsel for Defendant/Appellant:
Rita Rae Fontenot

**SAUNDERS, J.**

The appellant, Rita Rae Fontenot, appeals the trial court's decision to dismiss her appeal for failure to timely pay the appeal costs. Finding that the trial court committed an abuse of discretion, we reverse.

**FACTS**

On May 29, 1998, the Louisiana Board of Massage Therapy (hereinafter referred to as the Board) instituted suit against Rita Rae Fontenot, DPM, and Rita Rae Fontenot d/b/a "Heaven-The Ultimate Day Pampering Spa." The Board sought an injunction and temporary restraining order prohibiting Ms. Fontenot from operating her business as she did not have the requisite license. The Board also sought to prohibit employees from providing services without the proper license.

The trial court issued a temporary restraining order on May 29, 1998, and signed the judgment granting the preliminary injunction on June 19, 1998. On June 29, 1998, the Board filed a contempt rule against Ms. Fontenot. On September 1, 1998, the trial court determined that Ms. Fontenot had violated the previous ruling and ordered her to pay a $500.00 fine. In addition, the trial court ordered Ms. Fontenot to cease and desist the unlicensed activity.

On August 21, 2002, the Board filed another contempt rule alleging that Ms. Fontenot continued to advertise the business as a massage establishment. On September 23, 2002, Ms. Fontenot filed a motion to continue the bench trial and requested a jury trial. The trial court granted the Board's motion to strike the jury trial on October 21, 2002.

Trial was held on December 6, 2002, and the court left the record open for the supplementation of evidence which occurred in April of 2003. On May 15, 2003, the trial court found Ms. Fontenot in contempt and ordered her to pay a $5,250.00 fine,

to pay costs, and to reimburse the Board's attorney fees in the amount of $17,230.60. On May 21, 2003, the judgment was amended making the preliminary injunction permanent.

Ms. Fontenot appealed the May 21, 2003 judgment by filing a suspensive appeal on July 2, 2003. The appeal bond was set at $22,480.60, and on July 2, 2003, Ms. Fontenot posted a bond in the amount of $40,000.00. On July 9, 2003, the clerk mailed a notice informing Ms. Fontenot of the estimated appeal costs and that the costs must be paid within twenty days.

Ms. Fontenot filed a Motion for New Trial on July 22, 2003. Subsequently, the Board filed an Exception To and Motion to Dismiss the Motion for New Trial. The motions and exceptions were scheduled for December 5, 2003, but Ms. Fontenot did not appear at the hearing and the court dismissed the motion for new trial with prejudice and at the appellant's costs.

On February 5, 2004, the Board filed a Motion to Dismiss Abandoned Appeal for failure to pay costs. (The Board argues that the motion was actually sent to the clerk on December 5, 2003, but was lost in the courthouse until February 5, 2004, when it was found and stamped filed.) A hearing on the motion was set for March 31, 2004, but was rescheduled for April 21, 2004. Ms. Fontenot paid the appeal costs on March 30, 2004.

At the April 21, 2004 hearing, the motion to dismiss the appeal was granted, and the judgment was signed on May 4, 2004. Ms. Fontenot filed a suspensive appeal on July 16, 2004, and on July 23, 2004, the clerk mailed a notice of the estimated appeal costs to Ms. Fontenot. On September 1, 2004, the Board filed another motion to dismiss for failure to pay costs. Prior to the October 18, 2004 hearing, Ms.

Fontenot paid the appeal costs. The court refused to dismiss the appeal but sanctioned Ms. Fontenot by ordering her to pay the Board's attorney fees. After the Board failed to convince the trial court to dismiss the appeal, the Board filed a motion to dismiss the suspensive appeal with this court, but we also refused to dismiss it. Thus, the appeal currently before this court is Ms. Fontenot's appeal of the trial court's decision to dismiss her appeal on May 4, 2004.

**ASSIGNMENT OF ERROR**

Did the trial court incorrectly dismiss the appeal?

**LAW & ANALYSIS**

In reviewing a trial court's decision to dismiss an appeal for failure to pay costs, the appellate court looks to whether or not the trial court committed an abuse of discretion in reaching its decision. *See Pray v. First Nat'l Bank of Jefferson Parish,* 93-3027 (la. 2/11/94), 634 So.2d 1163; *Morgan v. Simon,* 00-1556 (La.App. 3 Cir. 2/28/01), 780 So.2d 626.

**DISCUSSION**

Ms. Fontenot argues that the trial court incorrectly dismissed the appeal on May 4, 2004. Particularly, she argues that the dismissal is an abuse of discretion as the appeal costs were paid three weeks prior to the hearing on the motion to dismiss. The appellee argues that the trial court correctly dismissed the appeal as La.Code Civ.P. art. 2126 provides twenty days from the clerk's notice in which to pay the appeal costs.

Louisiana Code of Civil Procedure Article 2126 provides the relevant rule on the payment of costs:

> A. The clerk of the trial court, immediately after the order of appeal has been granted, shall estimate the cost of the preparation of the

record on appeal, including the fee of the court reporter for preparing the transcript and the filing fee required by the appellate court. The clerk shall send notices of the estimated costs by certified mail to the appellant and by first class mail to the appellee.

B.      Within twenty days of the mailing of notice, the appellant shall pay the amount of the estimated costs to the clerk. The trial court may grant one extension of the period for paying the amount of the estimated costs for not more than an additional twenty days upon written motion showing good cause for the extension.

C.      The appellant may question the excessiveness of the estimated costs by filing a written application for reduction in the trial court within the first twenty-day time limit, and the trial court may order reduction of the estimate upon proper showing. If an application for reduction has been timely filed, the appellant shall have twenty days to pay the costs beginning from the date of the action by the trial court on application for reduction.

D.      After the preparation of the record on appeal has been completed, the clerk of the trial court shall, as the situation may require, either refund to the appellant the difference between the estimated costs and the actual costs if the estimated costs exceed the actual costs, or send a notice by certified mail to the appellant of the amount of additional costs due, if the actual costs exceed the estimated costs. If the payment of additional costs is required, the appellant shall pay the amount of additional costs within twenty days of the mailing of the notice.

E.      If the appellant fails to pay the estimated costs, or the difference between the estimated costs, and the actual costs, within the time specified, the trial judge, on his own motion or upon motion by the clerk or by any party, and after a hearing, shall:
(1)      Enter a formal order of dismissal on the grounds of abandonment; or
(2)      Grant a ten day period within which costs must be paid in full, in default of which the appeal is dismissed as abandoned.

F.      If the appellant pays the costs required by this Article, the appeal may not be dismissed because of the passage of the return day without an extension being obtained or because of an untimely lodging of the record on appeal.

In *Pray,* 634 So.2d at 1163, the Louisiana Supreme Court explained the

purpose of La.Code Civ.P. art. 2126:

The primary purpose of La.Code Civ.Proc. art. 2126's authorization to dismiss appeals for non-payment of costs is to dismiss the appeal as abandoned, in those cases in which the appellant files a timely appeal and thereafter decides not to pursue it. A secondary purpose is to ensure prompt payment of costs of appeal by dilatory appellants. The focus of district courts in deciding Article 2126 motions to dismiss should be on securing payment of costs in order to move appeals forward rather than on dismissing appeals, although obviously not abandoned, simply because a motion was filed . . . immediately after expiration of the twenty-day period for paying the costs.

In addition, it is important to recognize that appeals are favored and should be maintained when possible. "Appeals are favored in the law and should be maintained unless a legal ground for dismissal is clearly shown. An appeal is not to be dismissed for a mere technicality. Unless the ground urged for dismissal is free from doubt, the appeal should not be dismissed." *Stadtlander v. Ryan's Family Steakhouses, Inc.,* 34,384, p. 2 (La.App. 2 Cir. 4/4/01), 794 So.2d 881, 885, *writ denied,* 01-1327 (la. 6/22/01), 794 So.2d 790 (citations omitted).

The appellee's argument centers around La.Code Civ.P. art. 2126, which provides the appellant with twenty days from notice of the appeal costs to provide payment of those costs. The appellee argues that Ms. Fontenot's time to pay expired on July 29, 2003, as notice was sent to her on July 9, 2003. The appellee contends that La.Code Civ.P. art. 2126(E) provides the trial court with only two options when an appellant does not render payment within the twenty-day period. The article directs the trial court to either dismiss the appeal or grant an extension of time. In this case, the court could not grant an extension of time for payment as the costs were paid prior to the hearing. Therefore, according to the appellee's argument, the only option available to the trial court was dismissal.

In addition, the appellee relies on two cases where the trial court dismissed the appeal for failure to timely pay the appeal costs, *Laborde v. Presbyterian Village of*

5

*Homer, La., Inc.,* 32,639 (La.App. 2 Cir. 1/26/00), 750 So.2d 1182; *Schmolke v. Clary,* 03-2107 (La.App. 1 Cir. 9/17/04), 884 So.2d 675, *writ denied,* 04-3089 (La. 2/18/05), ___ So.2d ___. In *Laborde* and *Schmolke,* the appellant failed to pay within the twenty-day period and also within the extension granted by the court. *Laborde* and *Schmolke* support the appellee's argument that the trial court has only two options under La.Code Civ.P. art. 2126, *i.e.,* dismiss or grant an extension. In these two cases, the appellants failed to pay within the twenty-day period and the court granted extensions of time to pay the appeal costs. Thus, after the appellants failed to pay in the time allowed by the extension, the only option left for the judges was dismissal.

The cases cited by the appellee are not applicable to the present case as in those cases the appellants had been granted an extension of time by the court. In this case, Ms. Fontenot failed to render payment within the twenty days, and no additional time had been requested or granted. However, payment was rendered shortly after she received notice that the appellee had chosen to challenge the appeal by having it dismissed.

The cases cited by Ms. Fontenot coincide with the principles enunciated in *Stadtlander* and in *Pray.* In *Reed v. Columbia/HCA Information Service, Inc.,* 99-1315 (La.App. 5 Cir. 4/25/00), 761 So.2d 625, the appellant filed the appeal on March 30, 1999, and notice of the appeal costs was mailed on April 21, 1999. On May 18, 1999, the defendant filed a motion to dismiss the appeal as abandoned. The hearing was set for June 21, 1999, and the appellant paid the costs on June 15, 1999. The court found that although the payment was late, it was made prior to the motion to dismiss the hearing and, thus, sufficient. The court stated:

This article is not jurisdictional, but is a procedural vehicle designed solely for the efficient administration of the court.

As noted in the concurring opinion in *Richards v. Everett,* 509 So.2d 851, 852-853 (La.App. 4 Cir. 1987),

> C.C.P. art. 2126 is not self operative. Before the trial judge may dismiss the appeal for non-payment of costs there must be a hearing which may be provoked by the judge on his own motion or on motion of the clerk or that of a party . . . . **But when the costs are already paid at the time of the hearing the statute has no application by its own terms.**
>
> . . . .
>
> **We find, therefore, that because plaintiff's payment of appeal costs was made prior to the hearing on defendant's motion to dismiss her appeal, the payment satisfied the intent and purposes of La. C.C.P. art. 2126 and made the motion to dismiss moot**.

*Id.* at 628-29 (emphasis added) (citations omitted).

In *Morgan v. Simon,* 00-1556 (La.App. 3 Cir. 2/28/01), 780 So.2d 626, the appellant filed the appeal on October 25, 1999, and the notice of costs was sent on October 29, 1999. On January 3, 2000, the defendant filed a motion to dismiss for failure to pay costs. Costs were paid on January 27, 2000, and the hearing was held on February 22, 2000, with the court dismissing the appeal. The reviewing court determined that the dismissal was inappropriate and stated:

> In the matter before us, it is clear the appeal had not been abandoned. Whether or not the appellants' counsel received legal notice under the article, the estimated costs were promptly paid upon receiving notice that a motion to dismiss had been filed. As in *Pray* the motion to dismiss was filed almost immediately after the 20 days had lapsed. Payment of the estimated costs was made well before the hearing on the motion to dismiss.
>
> Under the facts of this case, the trial court abused its discretion by dismissing the appeal. **The harsh remedy of dismissal should not be applied in a matter, when the appeal has clearly not been abandoned, without first giving the appellant a brief extension of time to pay. As has been previously noted in this matter, costs were paid well before the hearing.**

*Id.* at 628-29 (emphasis added).

In *Reed* and *Morgan*, the court found that dismissal was not appropriate even though the time allowed in La.Code Civ.P. art. 2126 had expired, as the appeal had not been abandoned.

The primary difference between those cases and our present case is the amount of time that transpired between the twenty day period and the filing of the motion to dismiss. In both *Reed* and *Morgan,* the defendants filed the dismissal shortly after the twenty-day period expired, and the court determined that dismissal was not appropriate. In the present case, the Board did not file the dismissal until over six months after the expiration of the twenty-day period. Once filed, Ms. Fontenot paid the appeal costs. The payment of those costs were made three weeks prior to the hearing. Thus, in accordance with *Reed* and *Morgan,* we find that the payment prior to the hearing is sufficient evidence that the appeal had not been abandoned.

**CONCLUSION**

As the appeal costs were paid prior to the hearing, the trial court committed an abuse of discretion in dismissing the appeal. Accordingly, we reverse.

Normally, the party cast is responsible for the court costs, but in exceptional circumstances the prevailing party may be assessed with the costs. This is such a case. Ms. Fontenot has shown a very cavalier attitude to her litigation, and equity requires that she bear the appellate costs. Accordingly, the appellant is cast with costs.

**REVERSED.**