NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 09-559


ULTIMATE MEDICAL SERVICES, INC.

VERSUS

CHARLES E. SHANNON


**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2006-4835
HONORABLE TODD S. CLEMONS, DISTRICT JUDGE

**********

JIMMIE C. PETERS
JUDGE

**********

Court composed of John D. Saunders, Jimmie C. Peters, and Marc T. Amy, Judges.

MOTION TO DISMISS APPEAL DENIED.

James Edward Burks
Attorney at Law
Post Office Box 16067
Lake Charles, LA 70616
(337) 474-6106
COUNSEL FOR DEFENDANT/APPELLANT:
      Charles E. Shannon

Earl Richard Robinson, III
Robinson & Moreno
1800 Ryan Street, Suite 107
Lake Charles, LA 70601
(337) 433-9535
COUNSEL FOR PLAINTIFF/APPELLEE:
      Ultimate Medical Services, Inc.

PETERS, J.

The plaintiff, Ultimate Medical Services, Inc., moves to dismiss the appeal of the defendant, Charles E. Shannon, based on the failure of the defendant to timely pay the estimated costs of appeal. For the reasons assigned, we deny the motion to dismiss the appeal.

On December 1, 2008, the trial court entered written judgment in favor of the plaintiff and against the defendant in the amount of $18,054.26, plus legal interest, and for attorney's fees in the amount of $10,000.00, and all court costs. Notice of the signing of judgment was sent on December 11, 2008. The defendant filed a notice of suspensive appeal on December 30, 2008, and the trial court signed the order granting the appeal on that day. The suspensive appeal bond was set at $10,000.00, and a return date was set for thirty days from December 30, 2008. On January 30, 2009, the defendant filed a motion for an extension of time within which to file the suspensive appeal bond. The trial court granted the extension and reset the return date for February 13, 2009.

On March 3, 2009, the plaintiff filed a motion to dismiss the appeal, alleging that the defendant had failed to timely post bond and had failed to timely pay the estimated costs of appeal. In the alternative, the plaintiff moved that the suspensive appeal bond to be increased to $30,000.00. The defendant filed a bond for suspensive appeal on March 5, 2009, and paid the estimated appeal costs through March 10, 2009. A hearing on the motion to dismiss was held on April 14, 2009. At that hearing, the trial court converted the defendant's appeal to devolutive and otherwise denied the motion to dismiss. On May 7, 2009, the instant appeal was lodged in this court. The plaintiff filed the motion to dismiss now before us on May 8, 2009.

Louisiana Code of Civil Procedure Article 2126(B) provides that: "[w]ithin twenty days of the mailing of notice, the appellant shall pay the amount of the

1

estimated costs to the clerk. The trial court may grant one extension of the period for paying the amount of the estimated costs for not more than an additional twenty days upon written motion showing good cause for the extension." Louisiana Code of Civil Procedure Article 2126 further provides, in pertinent part, the following:

E.    If the appellant fails to pay the estimated costs, or the difference between the estimated costs and the actual costs, within the time specified, the trial judge, on his own motion or upon motion by the clerk or by any party, and after a hearing, shall:
(1)    Enter a formal order of dismissal on the grounds of abandonment; or
(2)    Grant a ten day period within which costs must be paid in full, in default of which the appeal is dismissed as abandoned.

F.    If the appellant pays the costs required by this Article, the appeal may not be dismissed because of the passage of the return day without an extension being obtained or because of an untimely lodging of the record on appeal.

In *Louisiana Board of Massage Therapy v. Fontenot*, 04-1525 (La.App. 3 Cir. 5/4/05), 901 So.2d 1232, this court held that when appeal costs were paid prior to the hearing on the appellee's motion to dismiss the appeal, the payment rendered the motion to dismiss moot. Thus, the court held that an appeal was not abandoned when appeal costs were paid untimely, but prior to the hearing on a motion to dismiss the appeal.

In the motion to dismiss filed in this court, the plaintiff admits that appeal costs were paid prior to the hearing on the motion to dismiss the appeal that was filed in the trial court. Therefore, under the articles cited above, as well as the applicable jurisprudence, we find that the motion to dismiss filed in this court is moot. Accordingly, we deny the plaintiff's motion to dismiss the defendant's appeal.

**MOTION TO DISMISS APPEAL DENIED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Rules 2-16.2 and 2-16.3, Uniform Rules, Courts of Appeal.