STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT
(NOT FOR PUBLICATION)
C/W 10-696

DE'ANGELO TILLMAN

VERSUS

HERBERT PAUL SIMONS, ET AL.

CONSOLIDATED WITH

JOHNNIE M. LEFEAR, ET AL.

VERSUS

HERBERT PAUL SIMONS, ET AL.

**********
APPEAL FROM THE
FIRST JUDICIAL DISTRICT COURT
PARISH OF CADDO, NOS. 501,958 AND 502,019
HONORABLE ROY BRUN,  PRESIDING
**********

SYLVIA R. COOKS
JUDGE

**********

Court composed Sylvia R. Cooks, Oswald A. Decuir and Elizabeth A. Pickett, Judges.

**AFFIRMED**

Anthony Hollis
401 Edwards Street, Suite 1111
Shreveport, LA 71101
318-629-1235
**Attorney For Appellants/Tillman, Lefear, Et Al.**

Edwin H. Byrd, III
Pettiette, Armand, Dunkleman, Woodley, Byrd & Cromwell, LLP
P.O. Box 1786
Shreveport, LA 71166
318-221-1800
**Attorneys For Appellee/Caddo Parish Sheriff Steve Prator**

**COOKS, Judge.**

<u>                    </u>**FACTS AND PROCEDURAL HISTORY**

Appellants are Plaintiffs in consolidated actions against the Caddo Parish Sheriff's Office and others alleging sexual misconduct on the part of the defendant's employees at defendant's correctional center allegedly perpetrated against plaintiff inmates.[1] A scheduling order was issued by the trial court on July 8, 2008 setting pretrial deadlines and a trial date of September 3, 2008. Defendants/Appellees filed a motion for summary judgement which was heard on August 11, 2008. The trial court denied the motion. The court then discussed the trial date and maintained the date of trial for September 3, 2008 as previously set. On August 25, 2008 Appellants filed a motion for continuance seeking postponement of the trial date. Appellants represented to the court in their motion that opposing counsel had no objection to the continuance. This, however, was not an accurate representation as opposing counsel had never informed Appellants that he would not oppose the motion. Appellee's counsel filed an opposition to the motion for continuance.

On August 29, 2008, the court set a hearing date for the motion for continuance on the same date as the date set for trial, September 3, 2008. After a hearing on the matter the trial court denied Appellants' motion for continuance and called the matter for trial. Appellants' attorney declared he was not able to proceed with trial; however, Appellees' counsel announced he was ready to proceed and moved for a dismissal of Appellants' claims. The trial court granted an involuntary dismissal with prejudice which judgment was signed on September 11, 2008.

Counsel for Appellants timely filed a Notice of Appeal on October 31, 2008, as to the dismissal with prejudice and the denial of the motion for continuance. Attached to the motion for devolutive appeal was a certificate of service which

---

[1] This case was transferred to this court by order of the Louisiana Supreme Court.

incorrectly certified service of "the foregoing Memorandum In Opposition To Motion For Summary Judgment." Despite that technical deficiency the trial court granted the appeal subject to payment of costs. The Clerk of Court sent a notice to counsel for Appellants on December 3, 2008 advising him of the appeal costs in the amount of $1,071.57, and advising him that the appeal "shall be dismissed" if costs were not paid by December 23, 2008. On January 6, 2009, almost two weeks after costs were due, Appellants filed a motion for a thirty-day extension of time in which to pay appeal costs. However, Louisiana Code of Civil Procedure Article 2126 allows a maximum extension of only twenty days for the payment of costs. *See* La.Code Civ. P. art. 2126(B). Contrary to Appellants' representations in brief to this court that on January 20, 2009, "before the scheduled hearing on counsel for Appellees motion to dismiss, the court executed an Order granting Appellants a 30-day extension within which to pay costs," the record reflects no order was ever signed granting any extension of time to pay appeal costs.

On January 6, 2009, Appellees filed a motion to dismiss the appeal under the provisions of La. Code. Civ. P. art. 2126 for Plaintiffs/Appellants' failure to timely pay costs. The trial court set a hearing date of January 26, 2009 for Appellee's motion to dismiss. The trial court granted the motion to dismiss appeal and rendered judgment on January 26, 2009. On March 26, 2009, Plaintiffs/Appellants filed a motion for devolutive appeal attacking the dismissal of their first appeal and again attached an incorrect certificate of service which recited service of a "Memorandum In Opposition To Motion For Summary Judgment." Despite this technical deficiency, the trial court, on June 8, 2009, granted Plaintiffs/Appellants' motion for appeal "as to the January 26, 2009 order granting defendants' motion to dismiss plaintiffs' appeal." Once again, Plaintiffs/Appellants' attorney was sent notice from the Clerk

2

of Court of the costs of this appeal and the deadline for paying such costs. Once again the costs were not timely paid. No extension had been granted for payment of these appeal costs. On August 4, 2009, Appellants' counsel paid the appeal costs in the second appeal. On August 6, 2009, Defendants/Appellees filed a motion to dismiss the second appeal for failure to pay costs timely. On November 9, 2009, Plaintiffs/Appellants filed a motion for reconsideration of dismissal of appeal. Following a hearing on the matter, the court rendered judgment on December 1, 2009 granting Plaintiffs/Appellants' motion for reconsideration allowing the appeal signed on June 8, 2009 to be reinstated. Thus, the only matter now before this court on appeal is the dismissal of Plaintiffs/Appellants' first appeal which sought to attack the dismissal of Plaintiffs' case and the denial of the motion to continue the trial date.

## LAW AND ANALYSIS

We find no error in the trial court's dismissal of the first appeal. The record clearly shows that the Appellants' counsel received notice of the appeal costs and notice that if the costs were not paid by a certain date the appeal "shall be dismissed." This is in conformity with the express provisions of the Louisiana Code of Civil Procedure, Article 2126, which provides in pertinent part:

A. The clerk of the trial court, immediately after the order of appeal has been granted, shall estimate the costs of the preparation of the record on appeal, including the fee of the court reporter for preparing the transcript and the filing fee required by the appellate court. The clerk shall send notices of the estimated costs by certified mail to the appellant and by first class mail to the appellee.

B. Within twenty days of the mailing of notice, the appellant shall pay the amount of the estimated costs to the clerk. The trial court may grant one extension of the period for paying the amount of the estimated costs for not more than an additional twenty days upon written motion showing good cause for the extension.

"..."

3

E. If the appellant fails to pay the estimated costs, or the difference between the estimated costs and the actual costs, within the time specified, the trial judge, on his own motion or upon motion by the clerk or by any party, and after a hearing, shall:

(1) Enter a formal order of dismissal on the grounds of abandonment; or

(2) Grant a ten day period within which costs must be paid in full, in default of which the appeal is dismissed as abandoned.

Appellants did not file for an extension of time until two weeks after the date costs were due to be paid. The motion should have been filed before the due date. Counsel for Appellants makes no showing of any good cause as to why his motion for extension of time to pay costs was filed so long after the due date. We review the trial court's decision to dismiss the first appeal for failure to pay costs under an abuse of discretion standard. *Pray v. First Nat'l Bank of Jefferson Parish*, 93-3027 (La.2/11/94), 634 So.2d 1163. *See also Morgan v. Simon*, 00-1556 (La.App. 3 Cir. 2/28/01), 80 So.2d 626 and *La. Bd. Of Massage Therapy v. Fontenot*, 04-1525 (La.App. 3 Cir. 5/4/05), 901 So.2d 1232.

The trial court noted in its judgment that it gave due consideration to "the record and the argument of counsel, including the time which has elapsed since the entry of the original judgment and the filing of the Notice of Appeal." We cannot say the trial court abused its discretion in this case by dismissing the appeal for failure to timely pay costs. The trial court held a hearing as it is required to do. It was incumbent on Appellants to present evidence to demonstrate good cause to allow more time for payment of costs. They failed to do so. The record evidences much fairness on the part of the trial court in that as to the second appeal for which costs were not timely paid, the trial court allowed that appeal to proceed because the costs were paid before the hearing could be had. This action is in conformity with our prior decision in *Fontenot,* 901 So.2d at 1236-37. The matter before us, however, does not

4

present the same circumstance. Appellants' counsel states in his brief that the trial court granted a thirty-day extension to pay costs and then held a hearing before that period expired and therein dismissed the first appeal. As we have noted, the record does not support this representation. A review of the record discloses no such order was signed. The Louisiana Supreme Court's language in the *Pray* case is instructive in these matters. As set forth in *Laborde v. Presbyterian Village of Homer, La.*, 32,639, (La.App. 2 Cir. 1/26/00), 750 So.2d 1182, 1184 citing *Pray*:

> The primary purpose of La.Code Civ. Proc. art. 2126's authorization to dismiss appeals for non-payment of costs is to dismiss the appeal as abandoned, in those cases(sic) in which the appellant files a timely appeal and thereafter decides not to pursue it. A secondary purpose is to ensure prompt payment of costs of appeal by dilatory appellants.

In *Laborde*, the Louisiana Second Circuit Court of Appeal upheld the trial court's dismissal of an appeal for failure to timely pay costs. The second circuit, relying on our decision in *Sandoz v. State Farm Mutual Auto. Ins. Co.*, 620 So.2d 441 (La. App. 3d Cir. 1993), held that:

> The steps taken by the trial judge regarding Laborde's appeal were warranted, correct and in accordance with the provisions of La.C.C.P. art. 2126. (Citation omitted) The amendment history of Paragraph E of this statute shows an obvious legislative intent toward stricter standards, both in relation to the allowable time limits for payment of costs and the penalties imposed for failure to pay. Most obvious is the 1984 amendment which changed the provisions of paragraph E from permissive to mandatory. In that year, the legislature also reduced the discretionary extension provisions from thirty to ten days and added the default dismissal clause utilized by the trial judge in the present case. Moreover, the removal of a fine provision notably allowed the court only two penalty options for the nonpayment of costs, both of which provided for dismissal of the appeal.

In the present case, Appellants had from September 11, 2008, the date judgment was signed dismissing the case, to December 23, 2008 to pay the appeal costs. Appellants did not seek an extension of time to pay the costs until two weeks after the due date. Appellants had an additional thirty-three days in which to pay the

costs before the hearing scheduled for January 26, 2009. Had Appellants paid the costs before the hearing date, the trial judge, as he did regarding the second appeal, would have allowed the first appeal to go forward in conformity with our previous decisions. Appellants assert in brief that appeal costs were paid before a hearing was had. The record reveals that this occurred as to the second appeal which the trial court has permitted to go forward. It did not occur as to the first appeal which we find was properly dismissed.

There is no abuse of discretion in the trial court's decision to dismiss the first appeal for failure to timely pay costs and its judgment in that regard is affirmed. All costs of this appeal are assessed against Plaintiffs/Appellants.

**AFFIRMED.**